(131 So. 186)

REYNOLDS et al. v. ST. JOHN'S GRAND
LODGE, A. F. & A. M.
No. 30318.

Nov. 3, 1930.

Charles M. Roberson, of Shreveport, for appellant.

J. J. Davidson, Jr., of Lafayette, for appellees.

ROGERS, J.

The plaintiffs, fifteen in number, are members of Triangle Lodge No. 143, A. F. & A. M., which has its domicile in the city of Lafayette. The defendant is St. John's Grand Lodge, A. F. & A. M., which has its domicile in the city of Shreveport. Triangle Lodge is a subordinate body of St. John's Grand Lodge. Both are negro organizations.

On April 20, 1922, Triangle Lodge purchased a vacant lot of ground in the city of Lafayette, and erected a building thereon. Subsequently, to wit, on October 14, 1925, Triangle Lodge sold the lot and improvements to the defendant St. John's Grand Lodge. The nullity of this last-mentioned sale is sought in the present suit, which was filed on February 21, 1928. Plaintiffs allege their membership in Triangle Lodge, which they aver is an un-

incorporated association composed of fifty-five persons; they allege that, together with the persons named in paragraph 1 of their petition (the names of thirty-six persons are set forth, five of whom are dead), they are the sole owners of the property, and that the sale to the defendant was executed without their authority or consent. They pray for the nullity of the sale and that they be recognized as owners of an undivided one fifty-fifth interest each in the property, and that they be sent into possession as such.

The court below rendered judgment in plaintiffs' favor, and the defendant has appealed from the judgment.

Defendant pleaded estoppel as one of its defenses to plaintiffs' action. We think the plea is well founded.

The facts as established by the record are as follows, viz.:

Triangle Lodge, in purchasing the vacant lot of ground in question, acted as a corporation. It was described as such in the notarial act of sale, and it was represented in the transaction by Elisha Reynolds, worshipful master, and Walter Foote, secretary, under a resolution adopted by the lodge at a meeting held about a week before the deed was signed. The stipulated purchase price was $300, of which amount $150 was paid in cash and the balance of $150 was represented by the note of the purchaser, payable with interest six months after date. Subsequently, the lodge erected a building on the lot of ground thus purchased, becoming indebted, in consequence thereof, in a large sum of money to Hopkins Bros. Company, Inc., of the city of Lafayette. At a meeting of the lodge held on July 11, 1923, a resolution was adopted recognizing an indebtedness of $6,000 to the Hopkins Bros. Company, Inc., and authorizing Elisha Reynolds, worshipful master, to sign a note and execute a mortgage to evidence and secure this indebtedness. The note and act of mortgage were executed before a notary public of the city of Lafayette on July 17, 1923. A certified copy of the resolution of the lodge authorizing the transaction was attached to the act of mortgage, which was signed on behalf of the lodge by Reynolds, its worshipful master. This mortgage was duly inscribed in the parish records. The mortgage note was signed for the lodge by Reynolds, worshipful master, and Foote, secretary, and it was also indorsed by thirty members of the lodge, among whom were eleven of the fifteen plaintiffs, including Elisha Reynolds and Walter Foote.

Triangle Lodge, being unable to discharge its indebtedness to the Hopkins Bros. Company, Inc., took up the matter with the defendant Grand Lodge, which agreed to finance the transaction for its subordinate body. At a regular meeting of Triangle Lodge held on October 13, 1925, a resolution was adopted setting forth, substantially, that the lodge was unable to meet the notes due Hopkins Bros. Company, Inc., and others, and it was in danger of losing its hall; that the Grand Lodge (defendant herein) had expressed a willingness to pay the indebtedness due Hopkins Bros. Company, Inc., if Triangle Lodge would arrange to pay its other notes, taking a deed to the property with the obligation of transferring it to Triangle Lodge whenever the lodge was in a position to take it over. The formal act of sale from Triangle Lodge to the defendant, Grand Lodge, was executed before a notary public of the city of Lafayette on October 14, 1925. Triangle Lodge was represented in the transaction by Reynolds, its worshipful master, and Foote, its secretary. The recited consideration was a cash payment to the vendor of $550, and the assumption by the vendee of the unpaid mortgage indebtedness

due the Hopkins Bros. Company; Inc., under the act of mortgage executed on July 17, 1923, one note of $1,100, and another note of $399, apparently due to other parties.

Plaintiffs argue that the plea of estoppel is not an adequate defense to their action, because there can be no estoppel to deny the existence of that which is legally nonexistent; that, when a corporation has no legal existence whatever, estoppel cannot be invoked to deny the fact. They cite, in support of their argument. Factors' & Traders' Ins. Co. v. New Harbor Protection Co., 37 La. Ann. 233.

The basis of the decision in the cited case was that, under the general incorporation law, a number of corporations could not unite to form another corporation. No such question is involved here. The estoppel pleaded in the cited case was overruled, on the ground that the effect of a prohibitory law cannot be destroyed by estoppel, nor the legally impossible be accomplished. But the controversy there was between the parties to the act of incorporation which on its face was violative of law and barren of all effect. No right of any third party was involved.

■ In the case now before us no prohibitory law is sought to be impaired. Conceding that Triangle Lodge No. 143, A. F. & A. M., is merely an association of persons operating as a corporation for fraternal purposes, yet the purchase of property in its corporate name is not illegal; the members of the lodge being entitled to their respective interests as co-owners or proprietors in common.

■■ The broad rule deducible from all the pertinent cases is that one dealing with a corporation is estopped to deny its corporate existence. It is a poor rule that will not work both ways. There is no reason in law or in equity why persons who are associated together under color of lawful authority as a corporation and deal as such with a stranger to the corporation cannot be estopped from disputing the fact that it is properly incorporated.

■ We assume, as we think the record warrants us in assuming, that since its organization Triangle Lodge has acted openly in all respects as a corporate body. Certainly, it acted as a corporation in acquiring the lot of ground, borrowing the money to build its hall thereon, securing the indebtedness by mortgage, and, finally, conveying the property to the defendant, Grand Lodge. All these transactions were for its own benefit, and all its members are presumed to have knowledge of the transactions and to have enjoyed the fruits thereof. By becoming and continuing as members, plaintiffs held themselves out as corporators, and thereby contributed to the belief that the organization with which they were associated was a corporation.

■ Eleven of the plaintiffs actually signed the mortgage note executed in the name of the corporation for an acknowledged valid indebtedness, which was subsequently assumed and liquidated by the defendant, Grand Lodge, as part payment of the purchase price of the property. Two of the four plaintiffs whose names do not appear on the mortgage note testified in the case. These witnesses, John Lavance and Valerie Elie, together with another witness, James Broussard, who is not a party to this suit, but who is one of the indorsers of the mortgage note, testified, generally, that they were members of Triangle Lodge, that they never heard of the meeting which authorized the sale, and that they never authorized any one to sell their interests in the property to the defendant, Grand Lodge. These are the only members of the lodge who testified in the case. Elisha Reynolds, the worshipful master, and

Walter Foote, the secretary, both parties plaintiff, who represented the lodge in all the transactions connected with the purchase, mortgage and sale of the property, did not take the witness stand.

The fact that the three witnesses who testified declared that they never heard of the meeting which authorized the sale is not conclusive that such a meeting was not actually held. The copy of the resolution certified by the worshipful master and the secretary attached to the notarial act shows that the meeting was held and what its purpose was. The witnesses do not dispute that the original lot of ground was acquired by Triangle Lodge in its corporate capacity. Nor do they dispute that as a corporation it erected its hall on the lot and mortgaged both lot and improvements to secure the indebtedness. Their proposition, in common with that of the thirteen other plaintiffs, appears to be, that, notwithstanding the defendant, Grand Lodge, has expended approximately $9,000 in paying the debts incurred by Triangle Lodge in purchasing the lot and erecting its hall thereon, the property is an individual and not a corporate asset, in which they are entitled to their respective shares, while the debt incurred in acquiring the property is a corporate and not an individual obligation for which they are in no wise responsible. This proposition cannot be maintained.

Our conclusion is that, since the persons associated in a supposed corporation are permitted by law to own in their individual capacities real estate which is acquired in the corporate name, plaintiffs, under the circumstances of this case, come within the well-established and wholesome rule that a person who by his declarations and his course of conduct, which is a species of declaration, has induced another to injuriously alter his condition, is, as against that person, estopped from denying the truth of his declarations or the rightfulness of his conduct.

For the reasons assigned, the judgment appealed from is annulled, and it is now ordered that plaintiffs' suit be dismissed at their costs.