## MALONEY MOTOR CAR CO. v. PERRIN.*

### No. 14925.

Court of Appeal of Louisiana. Orleans.
June 11, 1934.

O'Niell & O'Niell, of New Orleans, for appellant.

Denegre, Leovy & Chaffe and J. H. Morrison, all of New Orleans, for appellee.

HIGGINS, Judge.

This is a proceeding by a chattel mortgage creditor to obtain a deficiency judgment against the mortgage debtor for the sum of $394.30, representing the balance alleged to be due, together with interest and attorney's fees.

The defenses are: First, that there was an expressed or implied agreement for the cancellation of the debt, the creditor having accepted the mortgaged automobile as a consideration for the unpaid balance; second, that the plaintiff's conduct in demanding the surrender of the car at a time when plaintiff was not entitled to the possession thereof led defendant to believe that the car was being accepted in payment of the debt and that plaintiff is now estopped to deny it.

There was judgment in favor of the plaintiff, as prayed for, and defendant has appealed.

The record shows that defendant purchased from plaintiff an Essex automobile for the

price of $893.80, $262 cash and the balance, $631.80, represented by a promissory note secured by chattel mortgage on the automobile, and payable in eighteen monthly installments. Defendant made several payments and then, because of the loss of his position, was unable to continue to meet the installments as they fell due, with the result that a number of payments were in arrears. There was an acceleration clause in the note which matured the remainder of the note amounting to $394.30, the purchaser having paid the sum of $499.50 on account of the purchase price of the car.

The defendant and his brother substantially testified that on the morning of April 8, 1933, Mr. E. A. Mugnier, secretary-treasurer for the plaintiff company, informed defendant that unless he paid the sum of $100 on account by 12 o'clock noon of that day plaintiff would take back the automobile. Defendant replied that he would endeavor to raise the money, but was unsuccessful. About 2 o'clock the same afternoon one of the plaintiff's representatives went to the defendant's home and demanded the car, stating that the plaintiff had sent him there for the purpose of taking it back, since defendant was unable to pay for it. After removing the license plates and two tires that he had placed on the automobile subsequent to its purchase, defendant surrendered the car.

It appears that the car was kept in the plaintiff's possession eleven days and then executory proceedings were instituted against defendant, but he was not served with notice of seizure, having waived that requirement of the law in the chattel mortgage. In due course the car was sold at public auction on May 2, 1932, to one of plaintiff's employees for its account for the sum of $50.

We shall take up the defenses in inverse order.

In 21 Corpus Juris, verbo "Estoppel," p. 1060, § 2, we find:

"If a person by his conduct induces another to believe in the existence of a particular state of facts, and the other acts thereon to his prejudice, the former is estopped, as against the latter, to deny that that state of facts does in truth exist."

See, also, 10 Ruling Case Law, verbo "Estoppel," p. 697, § 25; Reynolds v. St. John's Grand Lodge, 171 La. 395, 131 So. 186; Longenbaugh v. La. Irr. & Mill Co., 129 La. 436, 56 So. 359.

The defendant testified that from April 8, 1933, when he surrendered the car, to June 20, 1933, when he was served with the copy of the citation in the present suit, he was not apprised of the plaintiff's intention to hold him for the balance claimed to be due on the note; that when the demand was made for the payment of $100, or the return of the car, he understood that by returning the car the obligation would be liquidated. He states:

"Q. What was your understanding with reference to your surrendering the car to the plaintiff?

"A. My understanding was that when they called for the car it just made it obvious that they considered the car in payment of my debt. That was my understanding."

He further testified that the car was worth the balance due by him and that nothing was said about plaintiff retaining custody of the machine until such time as the defendant paid all or a substantial part of the balance.

■ Plaintiff did not offer any evidence to contradict defendant and his witness and was content to rest his case upon the ground that defendant had pleaded special defenses and, under the law, bore the burden of sustaining them by a preponderance of the evidence, but failed to do so.

■ We agree with counsel for the plaintiff that defendant had this burden. Now, was there sufficient evidence offered by the defendant and uncontradicted by the plaintiff to establish his position? At the time the plaintiff demanded the surrender of the automobile, without legal process, it had no legal right to do so. The only possible consideration that the defendant could have received from giving up his legal right to remain in possession of the car until the proper judicial proceedings were instituted and the automobile legally taken into custody was some consideration in connection with the delinquent debt, i. e., an extension of time, or the partial or total cancellation of the debt. But the plaintiff does not claim that there was an extension of time granted, or the partial cancellation of the debt, and, therefore, the defendant, as a reasonably prudent person, might well be led to believe and understand that, by his voluntary surrender of the car at that time, without legal process, plaintiff was taking back the car as a consideration for the balance due. The plaintiff, in taking this action, which it was not entitled to under its chattel mortgage, was under the duty of making it clear to the defendant that in surrendering the automobile he was not to be granted any consideration therefor whatsoever and that executory proceedings would be filed against him just the same as if he

had not surrendered the car. If he had been apprised of that fact, there is no doubt in our minds that he would not have surrendered the car then. Again, we cannot escape the conclusion that, had there been no voluntary surrender, defendant would have been apprised by the seizure of his car at foreclosure that the sale was imminent and he would have had an opportunity to attend the sale and protect his rights. Furthermore, for a period of approximately three months he considered the matter a closed incident, until the present suit was filed against him.

It might well be that the actions of the plaintiff's representatives, who misled the defendant, were unintentional—and there is nothing in the record to indicate the contrary—but their conduct was, nevertheless, such as to cause any reasonably prudent person to be misled as the defendant says he was. Therefore, whether or not the plaintiff's representatives intended to cancel the balance is unimportant, since their actions were such as actually misled defendant, to his harm, and as would have misled any reasonably prudent person. It is our opinion that there was sufficient evidence to establish the plea of estoppel, and the trial court erred in overruling it.

For the reasons assigned it is ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and it is now ordered that there be judgment in favor of the defendant, dismissing plaintiff's suit at its cost.

Reversed.