### ELECTRON ENGINEERING CO., Inc., v. B. B. T. CORPORATION OF AMERICA. *
### No. 14493.

Court of Appeal of Louisiana. Orleans.
June 11, 1934.

Lemle, Moreno & Lemle, of New Orleans, for appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, for appellee.

HIGGINS, Judge.

This is a suit by an exclusive sales agent against its principal to recover the sum of $996, representing a commission alleged to be due for the sale of a certain advertising flashing beacon sold by it to the American Safe Deposit Company, Inc., to be installed on the American Bank building in this city.

The defendant denied liability on the ground that plaintiff, its agent, had violated instructions and made promises and representations to the purchaser that the beacon would produce results far beyond what it was capable of, and that, as a consequence, the purchaser refused to accept the beacon and to pay therefor, compelling the defendant to compromise its claim of $4,980 for $2,750 and the return of the equipment. Defendant in reconvention claimed from the plaintiff the difference between the amount of its claim and the sum accepted in compromise. In the alternative defendant specially pleaded that, when the controversy arose with reference to the unsatisfactory results produced by the beacon and the purchaser refused to accept it, plaintiff, on February 7, 1930, wrote defendant a letter in which it stated that it would be willing to accept 15, or even 12½ per cent. commission in the event the claim was adjusted, and that, acting upon the suggestion, a compromise was subsequently effected, and therefore plaintiff, in any event, is entitled to only 12½ per cent. of $2,750.

There was judgment in favor of the plaintiff, as prayed for, and dismissing the reconventional demand, and the defendant has appealed.

The reconventional demand was abandoned in this court.

On October 9, 1928, defendant appointed the plaintiff its exclusive sales agent with an agreed commission of 20 per cent. on flashing beacons. On July 28, 1929, the plaintiff sold for the account of its principal to the American Safe Deposit Company, Inc., for installation in the tower of the American Bank building in the city of New Orleans, an advertising flashing beacon for the price of $4,980. Three attempts were made to install equipment which would satisfy the purchaser, whose desire was to get a red, a white, and a blue flashing light, symbolic of the American flag, on account of the name of the bank. After repeated attempts to make the beacon give a satisfactory lighting effect, the purchaser refused to accept the equipment and declined to pay therefor, although defendant insisted that, while it had guaranteed the workmanship and materials, it had not warranted the results to be obtained from the beacon. On or about March 10, 1930, the matter was placed in the hands of an attorney for collection, and over a month later the matter was settled by compromise.

With reference to the first defense, we find nothing in, the voluminous correspondence, or in the testimony of the two witnesses for defendant, which shows that the plaintiff exceeded its authority and made promises and representations through its president that the beacon would give a greater lighting effect than it was capable of producing. While the answer makes averments to this effect, they are most general, and in no way indicate what plaintiff's officer is supposed to have said that was beyond his authority. The reconventional demand is predicated upon the same ground as this defense, and counsel for defendant concedes that there is not sufficient evidence to establish that claim. It appears to us that the same thing may be said of the record with reference to this defense.

In his reasons for judgment the trial judge stated: "I have read all of the correspondence in this case and am unable to reach the conclusion urged by the defendant, to-wit, that the plaintiff made unauthorized and unwarranted representations to the American Bank & Trust Company as to the effectiveness of the lights sold."

Our views are in accord with those of our learned brother below, and therefore it is our opinion that the first plea is without merit.

The second position of the defendant is founded on a plea of estoppel based upon a letter written by the plaintiff to the defendant on February 7, 1930, the relevant part of which reads as follows:

"As far as our commission is concerned, we would much rather see that item cut than go to court about it. If we could make a new deal and you could include say 15% or even 12½% in the new deal, then we would waive all of the commission on the old sale. You understand the situation. We are already in a position where we can't hope to break even because of the vast amount of unexpected trouble and subsequent dickering and time spent in trying to make the original outfit satisfactory, so that you can consider us ready and willing to go along with you in any deal whereby we can adjust this thing and keep the good will of the buyer and at the same time help ourselves recover that which seems to be a loss at the present time.

"The bank wants action and I can't blame them because I think that this thing has dragged long enough and we ought to make a counter proposition while they are still in a fairly receptive mood. Have you determined whether the purchase of eight or twelve searchlights would materially reduce the present market price? You will recall that we mentioned using Sperry equipment. Probably, Sperry or Krouse-Hinges would be will-

ing to give us a quotation on the housings arranged for oscillating motion.

"Above, I mentioned eight units at $900.00. Maybe, you would prefer to increase this to ten and add one stationery unit to comply with the law or would you prefer the proposition on the basis of eight with a cost per unit for each extra?

"The customer should be willing to pay us more than the list price of G. E. or Sperry for the reason that we are offering something special, and furthermore, for the reason that the customer should expect to have to absorb some of the loss on the old lenses.

"I think that the thing to do is to submit another proposition at once and I hope that you will get something off to us by air-mail on Monday."

A dispute has arisen between the parties as to what was intended by the letter, plaintiff maintaining that its president meant to say that it would be willing to accept a lesser amount for its commission in the event a new deal was entered into whereby equipment would be installed which would be satisfactory to the customer. Defendant argues that it was its understanding that the reduced commission would be acceptable if the claim was compromised or adjusted.

The issue presented is not so much a question of the proper interpretation of the language of the letter, but whether or not the defendant was induced to enter into the compromise agreement as a result of the letter.

In article 11 of the answer it is stated: "Respondent further represents that, acting upon that letter of plaintiff and with the full knowledge of plaintiff and at the request of the plaintiff, it compromised its claim with the American Safe Deposit Company, Inc., for $2,750.00, which it was compelled to do because of the claim of the said American Safe Deposit Co., Inc., that the plaintiff had made representations to it as to the performance of the said light or beacon, which representations were not authorized by respondent, and respondent further avers that if it is liable to plaintiff for any commissions, which is denied, it is liable for only 12½ per cent. on $2,750.00."

Throughout the defendant's answer and its claim in reconvention it is stated that defendant compromised the matter because it felt that the plaintiff had made unwarranted representations and promises as to the capabilities of the light, and that it might be held responsible for its agent's actions in that re-

spect. It is averred that the compromise was made because of the belief on the part of the plaintiff in reconvention "that the court would hold that it was bound by the representations of its agent made in the apparent scope of its authority, but in violation of its instructions. * * * " However, we have already decided that defendant failed to establish that the plaintiff did make the alleged unauthorized representations.

It is admitted that defendant never notified the plaintiff that it accepted the suggestion or idea of a new deal, and the evidence preponderates in favor of the plaintiff that it was not apprised of the settlement or compromise until after it was effected.

If the defendant was in any way influenced to make the compromise as a result of plaintiff's letter of February 7, 1930, it is clear that there is nothing in the record which would justify us in saying that defendant did rely and act upon the document in amicably settling the matter. Reynolds et al. v. St. John's Grand Lodge, A. F. & A. M., 171 La. 395, 131 So. 186; Longenbaugh v. La. Irr. & Mill Co., 129 La. 436, 56 So. 359. The plea of estoppel must therefore fail.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

