HARDY, Judge.
This is an action on a note secured by chattel mortgage on. a 1946 Plymouth automobile in which plaintiff claims a balance of $170 with interest, attorney’s fees, etc., against the defendants, in solido. After trial there was judgment in favor of defendants rej ecting plaintiff’s demands, from which plaintiff has appealed.
The defense is based upon the contention that defendant surrendered the automobile in full settlement and satisfaction of the balance due on the note.
On or about July 11, 1953, the defendant, Jimmie Smith, purchased a 1946 Plymouth Fordor automobile from the Horace Faulk Used Car Dealers, for a total consideration of $686.90, of which amount the sum of $480 was represented by an installment note executed by both defendants, secured by a chattel mortgage on the automobile, which instrument was also executed by both defendants, and endorsed to this plaintiff as holder and owner. The note, dated July 11, 1953, provided for -twelve monthly payments in the sum of $40 each, beginning August 11, 1953. Payments were apparently regularly made on the note until the installment of April 11, 1954, on which defendants were in default to the extent of $10. After further default in its entirety as to the payment due May 11, 1954, it appears that one J. C. Car-lisle, an agent of plaintiff, on May 19, 1954, took possession of the mortgaged automobile under the authority of a so-called extension agreement which was signed by the defendant, W. L. Smith. The agreement represented that • possession of the automobile was delivered to plaintiff in consideration of an extension of time of one day for the payment of the balance due and in further consideration of an agreement not to bring suit within said period of extension.
The defendant, W. L. Smith, contends that he signed the extension agreement under the impression that he was transferring and delivering the automobile to plaintiff’s agent in full settlement of the unpaid balance of the note. This defendant’s testimony to this effect was denied by plaintiff’s agent, Carlisle. The further testimony of Smith that the document was signed late in the evening when he could not see and that it was not read to him is not controverted. From Carlisle’s testimony it is apparent that when he visited the defendant, W. L. Smith, for the purpose of attempting to work out some agreement on the past due payments,' he had in his possession a form extension agreement which he filled in by inserting the period-of one day as the extent and duration of the extension of time of payment and delay of suit. Defendant, W. L. Smith, signed the agreement, which was “witnessed” by Car-lisle, the plaintiff’s agent, and Carlisle thereupon took possession of and removed the automobile from Smith’s custody.
As we appreciate the matter, the sole issue presented is whether the delivery of the mortgaged chattel in satisfaction and settlement of the indebtedness has been established. W. L. Smith’s testimony to this effect has been counter-balanced by the sworn denial of plaintiff’s agent, and, insofar as is disclosed by the record, only *568 these two persons were present at the time. Unless some other persuasive factors have been established it must necessarily be concluded that defendants have failed to adequately establish their defense to plaintiff’s action. However, we are convinced that there is another and a determinative point of fact.
If, as contended by plaintiff, the defendant, W. L. Smith, with full knowledge of the contents of the instrument and with a complete and clear understanding of the effect of his action, executed the extension agreement, what element of advantage persuaded him so to do? As a practical proposition we cannot conceive that a twenty-four hour delay accorded for the purpose of permitting defendant to make payment, or for the bringing of suit against defendant held out any real advantage or benefit. The record completely fails to disclose even a hope on the part of the defendant that such a delay would permit him to make payment. Nor is there even the slightest showing that a twenty-four hour delay in filing of suit was deemed desirable or beneficial to defendants. Why then did W. L. Smith sign the agreement? The only possible answer lies in the validity of his contention that he was surrendering the automobile in settlement of the debt. The effect of the unseen witness, in this instance the futile, useless and valueless one day extension inserted by plaintiff’s agent himself, over-balances the scale in favor of defendant’s contention. It is evident that the district judge so believed and so held, and under the circumstances we cannot hold that such finding was manifestly erroneous.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.