ELLIS, Judge.
The defendant purchased from the plaintiff a track upon which he gave a note and chattel mortgage. The note was negotiated and transferred to General Motors Acceptance Corporation, a finance company, and after the transfer the defendant made certain payments directly to the plaintiff. However, these payments were not sufficient in amount to constitute a full payment, and plaintiff forwarded General Motors Acceptance Corporation the amount of full payments so that the note would remain current and paid as far as the finance company was concerned. The amounts which were paid by the plaintiff to the finance company in order to keep the note current were charged to the defendant on an open account. In addition defendant also purchased some supplies amounting to the sum of $81 which were also charged to this open account.
The defendant got in arrears to the finance company and its representative came by plaintiff’s office with the defendant to discuss the matter. As .a result of the discussion the truck was brought to the plaintiff’s place of business and stored. It is, of course, the defendant’s contention that the truck was taken by the plaintiff and given by him in full satisfaction of all indebtedness due.
Suit was filed by the plaintiff against the defendant on the note and chattel mortgage and also upon an open account. Plaintiff alleged that there was $583.14 due on the note identified with the chattel mortgage, $729.99 due on the open account, and therefore prayed for judgment in these amounts with recognition of its lien for the balance due on the note identified with the chattel mortgage.
The defendant resisted the demand on the ground that the truck was repossessed and taken by the plaintiff without judicial proceedings and in satisfaction of the amount owed. The lower court rendered judgment in favor of the plaintiff as *444 prayed for and the defendant has appealed to this court.
The decision in this case rests purely upon a question of fact, as to whether the surrender of the truck by the defendant to the plaintiff was voluntary and in consideration of an extension of time in which to pay the obligation due the finance company, which was in arrears, or whether the surrender was in full payment of all amounts due on the truck. The District Judge has resolved the answer in favor of the plaintiff and unless his judgment is manifestly erroneous from the record it will not be reversed.
The testimony offered on behalf of the plaintiff shows that on July 29, 1957, the defendant owed plaintiff on its open account $729.91. /This account was made up of payments which it had made to the finance company on behalf of the defendant and one item of $81.15 for repairs to the truck. Along about August 10th or 15th the defendant being in arrears to the finance company under a balance due on the mortgage of $583.14, went to the defendant which resulted in the representative and the defendant coming to the plaintiff’s office to discuss the matter. It was agreed that time should be given to the defendant to attempt to catch up the amount due the finance company which was in arrears, and that during this time the truck would be stored at the plaintiff’s place of business. The defendant did nothing about the matter and on August 26, 1957, plaintiff wrote the defendant a letter, which he stated he had never seen, but a copy of which was offered in evidence, in which defendant was informed that they were holding his wood truck on a storage basis “as we previously informed you. We have had this truck in our possession for a week as was our agreement in the beginning. As yet you have not contacted us regarding past due payments on this truck nor have you made any attempt to catch them up. This letter is to inform you that we now find it necessary to take other steps to collect both the balance on the truck and your account, the total of the two being $1,312.99 * *
On August 29, 1957, the plaintiff paid to the finance company the balance due on the chattel mortgage of $583.14 and on September 10, 1957, filed the present suit for that amount, as well as $729.91 allegedly due on the open account. There is no testimony that the defendant protested the storage of the truck at all and in fact accompanied an employee of the plaintiff to where the truck was parked, and turned it over to him to drive it back to the plaintiff’s place of business for storage. A witness for plaintiff testified that the truck was stored with the understanding that defendant could get it back any time if he arranged to make the payments of the amount in arrears.
On the other hand the defendant contends that no one talked to him about storing the truck and that no one talked to him prior to the time it was stored about the payments. Defendant testified that he did not agree for the plaintiff to take the truck and on the contrary told them that he could not pay for it if they took it. Further, that the president of the plaintiff company stated that he couldn’t “go any further with it. He had to have the truck.” Defendant admitted that he never tried to get the truck back or said anything about the truck after it was taken to plaintiff’s place of business. Defendant admitted that an employee of plaintiff went with him to Abita Springs to bring the truck back to plaintiff’s garage in Franklinton. There is no testimony that he protested or took any kind of action which would intimate that he was protesting or not agreeing to the voluntary surrender of the truck.
Counsel for defendant relies upon the case of Maloney Motor Car Co. v. Perrin, La.App., 155 So. 289, 290. In this case the court states:
“Plaintiff did not offer any evidence to contradict defendant and his wit *445 ness and was content to rest his case upon the ground that defendant had pleaded special defenses and, under the law, bore the burden of sustaining them by a preponderance of the evidence, but failed to do so.
“We agree with counsel for the plaintiff that defendant had this burden. Now, was there sufficient evidence offered by the defendant and uncontradicted by the plaintiff to establish his position? At the time the plaintiff demanded the surrender of the automobile, without legal process, it had no legal right to do so. The only possible consideration that the defendant could have received from giving up his legal right to remain in possession of the car until the proper judicial proceedings were instituted and the automobile legally taken into custody was some consideration in connection with the delinquent debt, i. e., an extension of time, or the partial or total cancellation of the debt. But the plaintiff does not claim that there was an extension of time granted, or the partial cancellation of the debt, and, therefore, the defendant, as a reasonably prudent person, might well be led to believe and understand that, by his voluntary surrender of the car at that time, without legal process, plaintiff was taking back the car as a consideration for the balance due. * * * ”
In the cited case the court specifically found that there was no consideration in connection with the delinquent debt such as an extension of time, whereas, in the case at bar the district court has so found and the testimony substantiates such a finding of fact. Furthermore, in the cited case the car was kept in the plaintiff’s possession 11 days and then executory proceedings were instituted against the defendant but he was not served with notice of seizure, and for a period of three months the defendant considered the matter a closed incident and it is further shown in the opinion that the court concluded that had there been no voluntary surrender, the defendant would have been apprised by the seizure of his car at foreclosure, that the sale was imminent, and that he would have had an opportunity to attend the sale and protect his rights. In the present case the car was held from a week to 15 days and a letter written reiterating the alleged agreement and suit was not filed until September 10, 1957, or approximately one month after plaintiff said that the agreement was entered into. There is no foreclosure without notice in the present suit.
Counsel for defendant also cites Motors Securities Co. v. Smith, La.App., 83 So.2d 566, 568, in which the court was dealing with the exact question now before this court, and the court decided that the defendant had proven his contention. The court stated that it could not “conceive that a twenty-four hour delay accorded for the purpose of permitting defendant to make payment, or for the bringing of suit against the defendant held out any real advantage or benefit.”
We do not believe that the factual situation is the same in the cited case as in the one at bar.
The burden is upon the defendant and the district court resolves the question against him and we find no manifest error after a careful consideration of the record and the judgment of the lower court is hereby affirmed.