HARDY, Judge.
This is a suit on a promissory note secured by a chattel mortgage on a Chevrolet automobile. Made defendants were Harold Brown, buyer of the automobile and maker of the note, and W. W. McCasland, the accommodation co-maker of the note. Service of process was not procured against Brown, and from judgment in favor of plaintiff against the defendant, McCasland, for the unpaid amount of the principal of the note with interest and attorney’s fees, the said defendant has appealed.
The pertinent facts as established on trial appear beyond dispute. Plaintiff sold a Chevrolet automobile to Harold Brown on terms of credit, in accordance with which Brown executed a note and chattel mortgage. As further security plaintiff required a co-maker and Brown’s employer, the de *341 fendant, McCasland, executed the note in such capacity. In April, 1964, being delinquent in his payments on the note, Brown executed an extension agreement under the terms of which he pledged and delivered the automobile to plaintiff in consideration •of an extension of three days within which to bring his payments into current condition. Brown failed to make the necessary payments on the note and this suit was •subsequently filed.
Before this court it is urged that the taking of mortgaged property by a creditor without resort to legal process should be •considered as a remission of the debt; that an extension agreement without consideration should be regarded as a nullity and without force or effect, and that the acceptance of property in payment of a debt releases the surety.
The facts of the instant case do not support the contentions made. Plaintiff did not take possession of the mortgaged automobile without resort to legal process. The record does not contain the slightest showing of any basis of attack upon the validity •of the extension agreement which is involved. Every necessary element of a valid pledge accompanied by delivery is established in the instant case. The issues presented are not governed by the principles enunciated in those cases upon which counsel relies relating to repossession without resort to legal process, and without voluntary acquiescence on the part of the debtor, which principles were considered, among others, in the cases of Motor Securities Co. v. Smith (La.App. 2nd Cir., 1955), 83 So.2d 566, and Price v. General Motors Acceptance Corporation (La.App., 2nd Cir., 1957), 95 So.2d 834.
Nor do the facts established in this case, in any degree, support the claim that the creditor accepted the vehicle involved in payment of the debt, which act would have the effect of releasing the appellant.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost