LOTTINGER, Judge.
This is an appeal from a deficiency judgment in favor of the defendant and against the plaintiff. The record points out that the plaintiff, Cookie’s Auto Sales, Inc., filed suit against the defendant, J. W. Hair, for a deficiency judgment, on a note and chattel mortgage in the amount of Six Thousand Nine Hundred Fifty-five and 25/100 ($6,955.25) Dollars, together with interest at the rate of eight (8%) per cent *286 per annum from August 5, 1968, plus an additional twenty-five (25%) per cent on both principal and interest as attorney fees, subject to a credit on December 18, 1968, for Three Thousand Nine Hundred Eighteen and 20/100 ($3,918.20) Dollars. The defendant alleges that the mortgaged property, i. e., one Mercedes Benz S. L. Coupe roadster automobile was surrendered to the plaintiff voluntarily.
The Trial Court found that the defendant had been employed by the plaintiff as its sales manager. That while employed as the sales manager, the defendant purchased the automobile in question for use as a demonstrator. This automobile was titled in the name of the defendant, and the defendant signed the chattel mortgage and promissory note. Plaintiff, Cookie’s Auto Sales, Inc., was the endorser on the note. The defendant left the employment of Cookie’s Auto Sales, Inc. in May, 1968, took the automobile with him, and told the plaintiff that he would attempt to keep up and make the monthly payments. The defendant missed making two of the monthly payments and it was necessary that the plaintiff as the endorser make these payments. The defendant was informed by the plaintiff that something must be done concerning the promissory note because the plaintiff was an endorser. The defendant testified that he was instructed to return the automobile to the plaintiff’s auto sales lot. The plaintiff stated that he never told this to the defendant and was surprised to see the car on his lot when he reported to work one morning. The defendant did admit taking the car to the lot one night, but not seeing anyone nor telling them that he was leaving the car there with the keys in it. He further admitted that he received no written releases concerning the promissory note and chattel mortgage.
The Trial Court in finding in favor of the defendant based its decision on Maloney Motor Car Co. v. Perrin, 155 So. 289 (La.App.Or.1934), and held that the plaintiff, to whom mortgaged property is surrendered, is under a duty of making it clear to the defendant that in surrendering the property he was not to be granted any consideration whatsoever and that executory proceedings would be filed against him just the same as if he had not surrendered the property. The plaintiff has appealed this judgment.
We cannot agree with the decision of the Trial Court. The Trial Judge based his decision on the Maloney case, wherein the defendant in the deficiency judgment suit had been informed that if he didn’t pay $100.00 by twelve noon of a particular day, the plaintiff would take the automobile in question back. At two o’clock the afternoon of the day in question, a representative of the plaintiff went to the defendant’s home and demanded the car. The defendant surrendered the car to the plaintiff’s representative. Subsequent to this, execu-tory process was commenced without any notice of seizure being tendered to the defendant, same having been waived. Very correctly the Court in the Maloney case held that the plaintiff had a duty to inform the defendant that in surrendering the automobile he was not being granted any consideration whatsoever, and he would be liable for the remainder of the debt.
The defendant-appellee further cited to this Court the case of St. Landry Credit Plan, Inc. v. Darbonne, 221 So.2d 880 (La. App. 1st Cir. 1969). In the St. Landry case, the defendant testified that an agent of the plaintiff told him to return the automobile and the debt would be cancelled. The agent never testified. Some nine months transpired between the surrender of the automobile and the time when the defendant heard anything from the plaintiff. It apparently seemed to the Court in the St. Landry case that the defendant was a man of limited business acumen and was not familiar with business dealings of that particular sort, and his failure to ask for the return of the promissory note gave weight to the fact that he was not familiar with dealings of this sort. The Court in the St. Landry case held that the return of the automobile was a dation en paiement *287 and resulted in cancelling the obligation sued upon.
We are bound by the facts presented in the case at bar, and the Trial Judge in his written reasons for judgment stated: “Plaintiff never told defendant that he would take the automobile back voluntarily and defendant did not inquire as to whether release of the automobile would release him from further obligation under the note.” The defendant in the instant case did testify that an employee of the plaintiff told him to bring the car in to the shop. The defendant further testified that when he took the car to the shop at approximately 6:30 or 7:00 one evening, he did not give the keys of the automobile to anyone nor did he receive a release. Prior to the termination of the employment of the defendant from the plaintiff’s automobile sales business, the defendant operated as the sales manager of Cookie’s Auto Sales, Inc.
We find that the defendant, inasmuch as he had in .the past acted as a sales manager of an automobile sales agency, was accustomed to the sale and financing of automobiles, or should have been, was possessed of sufficient business knowledge to realize that he had signed a promissory note, a chattel mortgage, and the automobile was titled in his name. His depositing of the automobile at the plaintiff’s sales lot without any further discussion with the plaintiff did not in itself shelter defendant from a deficiency judgment. The mortgagor or defendant herein had the burden of proving his special defense by a preponderance of the evidence, LSA-C.C. Art. 2232, and we agree with the Lower Court that he failed to do so. We are further of the opinion that the defendant was not misled by any statement or action of the plaintiff. The facts herein are entirely different from the facts as found in the Maloney Motor Car Co. and St. Landry Credit Plan cases cited supra. See Mack Trucks, Inc. v. MaGee, 141 So.2d 85 (La.App., 1st Cir. 1962).
Therefore, for the above and foregoing reasons, the judgment of the Lower Court is reversed and it is now Ordered, Adjudged and Decreed that there be judgment in favor of plaintiff, Cookie’s Auto Sales, Inc., and against the defendant, J. W. Hair, also known as Jessee W. Hair, in the sum of Six Thousand Nine Hundred Fifty-five and 25/100 ($6,955.25) Dollars, plus interest at the rate of eight (8%) per cent per annum from August 5, 1968, until paid, together with twenty-five (25%) per cent as attorney fees, and for all costs of these proceedings, subject to a credit on December 18, 1968, of Three Thousand, Nine Hundred Eighteen and 20/100 ($3,918.20) Dollars.
Judgment reversed and rendered.