Dorothy **BIEDENSTEIN**, Administratrix C.T.A. of the Estate of Margaret Hartigan, Deceased, Plaintiff, Appellant,

v.

**ST. LOUIS JANITOR SUPPLY COMPANY,** Alfred Richter, and Emma Edelman, Defendants, Respondents.

No. 33265.

St. Louis Court of Appeals.

Missouri.

Dec. 16, 1969.

William J. Becker, Clayton, for plaintiff-appellant.

Lewis, Rice, Tucker, Allen & Chubb, St. Louis, for defendants-respondents.

DOWD, Judge.

This suit in equity was instituted by Margaret Hartigan, now deceased, in two counts. Count I asked for a declaration that she is "the lawful owner of five (5) shares of stock" in defendant corporation. Count II asked for an order to inspect the corporation's books and records.

Defendants denied that plaintiff was a stockholder and pleaded that she was only entitled to $500.00 which sum had been tendered her and refused. Defendants also pleaded that the $500.00 indebtedness was based on a liquidated obligation of five shares of preferred stock of a predecessor corporation which was dissolved in 1944.

The issue in this case is whether Margaret Hartigan was a shareholder or a creditor. Plaintiff contends that Margaret Hartigan was a shareholder. Defendants contend that she was a creditor. Resolution of this issue determines plaintiff's right to relief under both counts.

After a trial based upon stipulated facts, pleadings, answers to interrogatories, answers to request for admissions, a number of documentary exhibits, and the testimony of one witness, Alfred Richter, the trial court decided the issue against plaintiff and in effect held that Mrs. Hartigan was a creditor and entered a judgment in favor of plaintiff and against defendants St. Louis Janitor Supply Company and Alfred Richter, on Count I, in the sum of $500.00, together with interest in the sum of $203.33, aggregating $703.33; entered a judgment in favor of defendant Emma Edelman and against plaintiff, on Count I; and, entered a judgment in favor of defendants and against plaintiff on Count II. Plaintiff appealed.

The facts as disclosed by the record show the following: The amended articles of incorporation of the predecessor corporation, which was dissolved in 1944, had authorized it to issue 230 shares of non-voting preferred stock. This stock had a $100.00 par value and the holder of such stock was entitled to cumulative dividends at 8% per annum, payable quarterly out of the net earnings of the company and before the payments of any dividends on the common stock. This stock was subject to call by the company on any dividend day at a rate of $105.00 per share. The amended

articles also provided that upon dissolution or liquidation of the corporation the preferred stock shall be paid in full at its face value together with accrued dividends before any payment is made on the common stock. The amended articles also provided that the preferred stockholders shall not be entitled to vote unless the dividends shall be unpaid for six months.

In about the year 1928, the company sold ten shares of this preferred stock to John L. Beecher who was a family friend of Alfred Richter and Louis Richter who were running the company. On March 15, 1932 the articles were amended reducing the interest or dividends paid on the preferred stock from 8% to 6%. However, Alfred Richter testified that it was his recollection that the Beechers were always paid 8% on their preferred stock.

Upon the death of John L. Beecher in 1932 the ten shares of preferred stock were transferred to his widow, Mary Beecher. On August 21, 1943, five shares each of preferred stock were transferred to Samuel L. Beecher and Daniel A. Beecher, sons of John and Mary Beecher.

On June 23, 1944, Articles of Dissolution of the corporation were filed with the Secretary of State. According to exhibit J these Articles were filed pursuant to a Directors' meeting of May 15, 1944 and a stockholders' meeting of May 26, 1944. Richter testified that the dividend payments to the preferred stockholders were current prior to the dissolution of the company. The Articles of Dissolution listed the officers and directors but not the shareholders and stated that the 120 shares, which were all the outstanding shares entitled to vote, approved the dissolution. The Secretary of State issued the Certificate of Dissolution on July 10, 1944 and the corporation was then dissolved.

Alfred Richter testified that at the time of the dissolution, the preferred stock was retired and an attempt made to purchase back the preferred stock. He also testified that Samuel Beecher and his wife, Shirley Beecher were offered cash for their certificate and asked to turn in their certificate. The Beechers did not accept this offer and "preferred not" to surrender their certificate.

Exhibit 5 is a letter dated July 28, 1965 from plaintiff's attorney to the probate court which verifies that the Richters, at the dissolution of the first corporation, attempted to purchase back the stock certificate from Samuel Beecher. This letter stated that Samuel Beecher was offered a note for the certificate and also stated that the Richters tendered a check for $500.00 dated March 24, 1965 during the administration of the estate of Shirley Beecher in an effort to purchase the five shares and that the stock had a value of "no more than $500."

Alfred Richter and Louis Richter operated the business as a partnership from 1944 to 1946 and continued to pay the Beechers the 8% interest during this period.

A new corporation with the same name as the old corporation was organized on June 1, 1946 with the corporation authorized to issue 1500 shares of $100.00 par value common stock, and was not authorized to issue preferred stock. The assets of the partnership were transferred to the corporation for stock with each of the two partners, Louis Richter and Alfred Richter receiving 250 shares. Samuel Beecher and Shirley Beecher continued to recieve $40.00 per year from the new corporation and Louis Richter and Alfred Richter would each be personally billed for $20.00.

In 1948 Daniel Beecher's five shares were retired leaving the only preferred stock certificate outstanding being the one for five shares belonging to Samuel Beecher who died in 1949. On April 1, 1949 a Refusal of Letters was issued by the probate court transferring the interest of Samuel Beecher to his widow, Shirley Beecher. Alfred Richter testified

that thereafter he talked to Shirley Beecher about whether she wanted to retain her interest in the company and she stated that "she would rather continue to get her eight percent which we were paying her" and that she did not want to cash in her stock. Richter further testified that he told her that the corporation which had issued the stock certificate had been dissolved but they would continue to pay her the interest if she so desired. Shirley Beecher sent in the original certificate which had been issued by the dissolved corporation and the corporation issued exhibit A to her on April 26, 1949. Shirley Beecher was paid 8% or $40.00 per year from April 26, 1949 until her death in 1963. Richter also testified that from 1949 to 1963, Shirley Beecher made no demand to inspect the corporate books and made no claim that she was a common stockholder. Exhibit A is a conventional printed stock certificate which states as follows:

"NUMBER                            SHARES

  25                                   –5–

ST LOUIS JANITOR'S SUPPLY CO .................. PREFERRED

This certifies that _Shirley A. Beecher_ is the owner of ––––Five––––
Shares of Preferred, each of the

Capital Stock of

St. Louis Janitor's Supply Co. transferrable only on the books of the corporation by the holder hereof in person or by Attorney upon surrender of this Certificate properly endorsed.

In Witness Whereof, the said Corporation has caused this Certificate to be signed by its duly authorized officers and to be sealed with the Seal of the Corporation this 26th day of April A.D., 1949

(Signed) Alfred Richter, Secy.   (Signed) Louis Richter, Pres."

At the top of the certificate is typed the following:

"This certificate replaces Certificate No. 2 A P of the St. Louis Janitor Supply Co., a Mo. corporation now dissolved. However payments of all interest and principal due are guarantee by its successor, The St. Louis Janitor Supply Co, also a Mo corporation. This guarantee takes effect April 6, 1949

St. Louis Janitor Supply Co.
(Signed) Alfred Richter"

———◆———

Upon Shirley Beecher's death in 1963, plaintiff inherited the rights of Shirley Beecher as evidenced by exhibit A.

In this equity action, this appeal is governed by Supreme Court Rule 73.01(d), V.A.M.R., which, in part, provides: "* * The appellate court shall review the case upon both the law and the evidence as in suits of an equitable nature. The judgment shall not be set aside unless clearly erroneous, * * *."

No findings of fact or conclusions of law were requested of the trial court and none were made. However, fact issues upon which no specific findings are made shall be deemed found in accordance with

the result reached. Rule 73.01(b), V.A. M.R.

To resolve the basic issue here as to whether plaintiff was a stockholder or a creditor, it is necessary to examine the amended articles of incorporation, the original preferred stock issued to John Beecher (plaintiff's original predecessor), the stock certificate (exhibit A) issued the 26th day of April, 1949 to Shirley Beecher, and the conduct of the parties.

The original sale of ten shares of preferred stock to John Beecher in 1928 was based upon an amendment to the articles and set out the rights of preferred stockholders. Under this amendment these stockholders were entitled to cumulative dividends at 8% per year payable quarterly out of the net earnings. These preferred shares were subject to call by the company on any dividend day at a rate of $105.00 per share. This amendment specifically set out the rights of a preferred stockholder at dissolution of the corporation which was that the preferred stock shall be paid in full at its face value together with accrued dividends out of the assets of the corporation before any payment on the common stock. Samuel Beecher had no right to share in the assets of the corporation at its dissolution. In Murphy v. Richardson Dry Goods Co., 326 Mo. 1, 31 S.W.2d 72, the court held that the intention of the parties as gathered from the articles of incorporation determined whether preferred stockholders share in the distribution of assets as common stockholders on liquidation. In *Murphy* the articles as to rights of a preferred stockholder at dissolution were almost identical with the articles here. Each of the articles provided that the preferred stockholders shall be *paid in full* before any distribution is made in the common stock. The court in *Murphy* denied the right of a preferred stockholder to share in the assets of the company, and stated at l. c. 76: "The words 'paid in full' ordinarily mean that nothing more is due the person so paid."

It is clear that John Beecher was a preferred stockholder until his death in 1932 and the Beechers who succeeded to this stock, either by inheritance or transfer, were preferred stockholders until the dissolution of the corporation on July 10, 1944.

Business corporations are the product of private contract and the articles of incorporation constitute a contract between the stockholders inter sese. Shapiro v. Tropicana Lanes, Mo., 371 S.W.2d 237, 241; 18 C.J.S. Corporations § 477, p. 1147, and § 71, pp. 456, 457, Note 59. The rights and remedies of the holders of preferred stock depend upon the express and implied terms of their contract. 11 Fletcher, Cyclopedia of Corporations, (Perm. Ed.) Ch. 58, § 5295, p. 873. The terms of this contract are generally set forth in the certificate of the preferred stock issued to the holders as evidence of their shares, but they are not the only evidence of the contract. They must be read in connection with the articles of incorporation, the general law, and the bylaws in force at the time the stock was issued. All these enter into and form a part of the contract. 11 Fletcher, Cyclopedia of Corporations, supra, Ch. 58, § 5296, pp. 876 and 877.

At the dissolution of the corporation, in accordance with the articles, Samuel Beecher was not entitled to share in the assets of the corporation and was only entitled to $500.00 which was the face value of the certificate. The obligation of the corporation to the Beechers was liquidated at $500.00. The corporation was then dissolved and became non-existent. The business was operated as a partnership from 1944 to 1946, during which time the Richters continued to pay the Beechers 8% interest. During the partnership period the Beechers could not have been stockholders in a non-existent corporation and there is no contention that the Beechers were partners in this business. A creditor-debtor relationship between the Richters and Samuel Beecher based upon a $500.00 liquidation

obligation came into existence following the dissolution. Based upon this relationship the Beechers were always paid 8% interest on this obligation.

■ Did Shirley Beecher become a stockholder, either preferred or common, when she received exhibit A which is set out in this opinion? We hold she did not. Prior to the issuance of exhibit A Shirley Beecher was informed that the company which had issued the preferred stock had dissolved and she stated "she would rather continue to get her eight percent" and did not want to cash in her old stock certificate. While exhibit A did refer to shares of preferred stock, it is obvious that it could not have been a certificate of preferred stock for the reason the new corporation at that time had no authority to issue preferred stock. Recently, in Gonseth v. K & K Oil Company, Mo. App., 439 S.W.2d 18, 23 the court held that an overissue of stock is ultra vires and void, and that an overissued stock is not stock and a holder of such unauthorized shares cannot, by estoppel or otherwise, become a stockholder.

Assuming arguendo that exhibit A was an attempt to issue preferred stock (which we do not believe), such an attempt to issue preferred stock would have been unauthorized and would have been ultra vires and void. Gonseth v. K & K Oil Company, supra.

Exhibit A specifically stated that it replaced a certificate in a dissolved corporation and guaranteed the payments of all interest and principal by the present corporation. It is clear that this certificate evidenced the liquidated obligation and the present corporation guaranteed to continue to pay the interest and principal to Shirley Beecher.

Also, it is clear from the conduct of the parties that the Beechers and the Richters considered that the relationship here was that of creditor-debtor. Before exhibit A was issued to Shirley Beecher, she was advised that the old corporation had been dissolved but she stated she did not want to cash in her interest and that she would rather continue to get the 8% interest payment. The use of the term "interest and principal" in exhibit A while not necessarily determinative of the real nature of the instrument, when considered in relation to the whole transaction between the parties shows that the parties considered this a debtor-creditor relationship. The elements of a debt were set out in Kidd v. Puritana Cereal Food Co., 145 Mo.App. 502, 122 S.W. 784, 788 as follows: "* * * The essence of a debt is a legal liability on the part of one person to pay money to another at some time, which liability is enforceable by a judicial action. * * *" All these elements are present here. Twice Richter offered to pay the Beechers the amount of the obligation which offers were refused. This liquidation obligation of $500.00 had been available to the Beechers since the dissolution of the first corporation in 1944.

Appellant raises three points on this appeal. Appellant first contends in points one and two that Shirley Beecher became a common stockholder and not a creditor when the corporation issued exhibit A. These points are without merit and have been discussed in detail in this opinion. Appellant relied heavily on Hazel Atlas Glass Co. v. Van Dyk & Reeves, C.C.A. N.Y., 8 F.2d 716, and Vanden Bosch v. Michigan Trust Co., 35 F.2d 643. Neither case sustains appellant's contention. Both cases held that a preferred stockholder is not a creditor of the corporation which is not in conflict with our holding that Samuel Beecher was a preferred stockholder until the dissolution of the first corporation and then became a creditor of the Richters in the liquidated amount of $500.00. Later by exhibit A the corporation guaranteed the payment of the interest and principal on this liquidated obligation of the Richters.

Appellant's third contention is that the new corporation was "enriched" to the extent of Shirley Beecher's equity in the old company and the new corporation was estopped to deny validity of the stock certifi-

cate. This contention is also without substance. At the dissolution of the old corporation and on two subsequent occasions, the Richters asked the Beechers to surrender the certificate and the Richters offered to pay the par value or $500.00 for the certificate. However, the Beechers preferred not "to surrender" the certificate for payment. At the request of the Beechers this money was retained by the Richters and the corporation as a debt due the Beechers.

The judgment is affirmed.

WOLFE, P. J., and BRADY, J., concur.