MIDLAND TRUCK LINES, INC., a Corporation, Respondent, v. GEORGE B. ATWOOD, Appellant, No. 42353—241 S. W. (2d) 903.

Division Two, July 9, 1951.

Motion to Clarify Opinion Sustained in Per Curiam Opinion Filed,

September 10, 1951.

398

*Henry B. Pflager* and *Orr, Pflager, Foulis & Andreas* for appellant.

*Cobbs, Logan, Armstrong, Teasdale & Roos, Kenneth Teasdale, William H. Armstrong, C. E. Dapron, Kemp, Koontz, Clagett & Norquist, Paul G. Koontz, Elliot Norquist* and *Thomas J. Wheatley* for respondent.

WESTHUES, C.—This suit was filed pursuant to the Declaratory Judgment Act, Chapter 527, Mo. R. S. 1949, Sections 527.010 to 527.140 inclusive.

The plaintiff corporation on August 1, 1949, by a vote of owners of more than 75% of common stock authorized an increase of its capital stock by the issuance of 500 shares of 5% preferred stock of a par value of $100 per share.

The defendant George B. Atwood owned 25 shares of common stock. He objected to the authorization of the issuance of preferred stock. The question for determination is whether the action of the corporation through its shareholders violated the constitutional rights of the defendant Atwood.

In the petition of plaintiff it is asserted that defendant's constitutional rights had not been violated. The prayer of the petition asked the court so to decree. The defendant Atwood in his answer and brief contended that the action of the majority stockholders was contrary to the due process clause of the Constitution. The trial court held the action of the corporation authorizing the issuance of preferred stock was not contrary to the constitutional rights of the defendant. From the decree the defendant appealed.

The admitted facts as revealed by the record are as follows: Plaintiff was organized as a business corporation in 1936. Its authorized capital stock was $50,000. The articles of incorporation did not authorize the issuance of preferred stock. Section 10 of Article XII of the Constitution of 1875, in force in 1936, provided: "No corporation shall issue preferred stock without the consent of all the stockholders." Statutory provisions implementing the constitutional provisions may be found in Section 5357, Mo. R. S. A. 1939. Section 5031, Mo. R. S. A. 1939, was also in force at the time plaintiff was incorporated. It provides in part as follows: "The powers enumerated in the preceding section shall vest in every corporation that shall hereafter be created or organized, and any corporation, including those heretofore organized and now in existence under any general or special law of this state, may accept the provisions of the general laws of this state relating to corporations, by filing with the secretary of state a certificate of such acceptance, signed by its president and secretary, duly authorized by its board of directors and approved by a vote of three-fourths of its stockholders, at any meeting duly and

legally called for that purpose * * *." The substance of Section 5031 just quoted is now contained in Section 351.025, Mo. R. S. 1949.

In 1945 the voters of Missouri adopted a new Constitution. With reference to the manner of authorizing a corporation to issue preferred stock, the Constitution, Section 7, Article XI, reads as follows: "The stock or bonded indebtedness of corporations shall not be increased nor shall preferred stock be issued, except according to general law." That part of Section 5031, Mo. R. S. A. 1939, which was Section 4556, Mo. R. S. 1929, quoted supra, was in force when the plaintiff corporation was organized. That law applied to the plaintiff corporation and, therefore, became a part of its charter. State v. Toombs, 324 Mo. 819, 25 S. W. (2d) 101, 1.c. 105 (4, 5). All rights of stockholders were subject to the provisions of that section. 18 C. J. S. 745, Sec. 269; Haggard v. Lexington Utilities Company, 260 Ky. 261, 84 S. W. (2d) 84, 1.c. 88 (4, 5); Shanik v. White Sewing Machine Corporation, 15 A. (2d) 169, affirmed 19 A. (2d) 831, 1. c. 834 (3).

On August 1, 1949, the stockholders representing 3/4 of the shares of plaintiff's stock voted to accept the provisions of the code applicable to general and business corporations, i.e., Chapter 351, Mo. R. S. 1949. Under the general laws, particularly Section 351.090, Mo. R. S. 1949, the plaintiff corporation had authority to issue preferred stock if the holders of 75% of the shares of stock approved. The defendant if not satisfied could avail himself of the provisions of that section, i.e., Subsection 4, and receive the fair value of his stock as of the day prior to the date the issuance of preferred stock was authorized.

The contention of Atwood that Section 56 of the corporation law enacted by the Legislature of 1945, Laws 1945, p. 702, now Section 351.090, Mo. R. S. 1949, is unconstitutional is without merit. As it appears to us, it is argued that the provisions of the 1945 Constitution, Section 7, Article XI, that "the stock or bonded indebtedness of a corporation shall not be increased nor shall preferred stock be issued, except according to general law.", prohibited the Legislature from changing the general law which permitted preferred stock to be issued only when all shareholders voted in the affirmative. It is our opinion that the provisions of the 1945 Constitution in question authorized the Legislature to provide by general law the manner in which and under what conditions corporations may issue preferred stock. If it were intended that no change should be made then the provisions of the previous Constitution, Section 10, Article XII, supra, to the effect that "no corporation shall issue preferred stock without the consent of all the stockholders" would have been retained.

Under the admitted facts in this case, we hold that shareholders owning more than 75% of the shares of plaintiff corporation stock voted to accept the general corporation code; that meant the general

law as then in force and not the law as it was in 1936 when plaintiff was incorporated. Pursuant to the general corporation code of 1949, preferred stock was authorized to be issued. We hold that under the 1945 Constitution the Legislature was authorized to regulate the manner in which corporations may issue preferred stock and that Section 56 of the corporation act, Laws 1945, p. 702, now Section 351.090, Mo. R. S. 1949, in so far as applicable to the issues here presented, is not unconstitutional.

We hold that no constitutional rights of the defendant were violated. The preferred stock was authorized in accordance with the corporation charter and laws applicable thereto which were a part of the charter of the corporation. The judgment is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.

### ON MOTION TO CLARIFY OPINION

■ PER CURIAM:—A motion to clarify the opinion in this case was filed and joined in by both parties. The specific point on which clarification is sought is whether Atwood as a shareholder was vested with rights under the 1875 Constitution prohibiting the increase of capital stock except by unanimous vote of all shareholders. The answer to this question is that Atwood did not have any such vested right. The statute at the time of respondent's incorporation permitted and authorized the corporation to amend its charter and by an affirmative vote of three fourths of the stockholders to adopt the general corporation law as its charter. The ■■■ change was made according to law. Therefore, the corporation was governed by the general corporation law which authorized an increase in stock without the vote of all the stockholders. The statute authorizing the corporation to adopt the general law as its charter was a part of Atwood's contract when he became a shareholder. 18 C. J. S. 456, Sec. 71. The law was a part of the charter. General Investment Co. v. American Hide & Leather Co., 129 A. 244, 44 A. L. R. 60. A shareholder in a corporation tacitly consents to any subsequent amendment of articles of incorporation designed to enable the corporation to conduct its business in a more profitable manner. In re Sharood Shoe Corporation, 192 F. 945, l.c. 948 (2, 3).

The change in the corporation's charter in this case was made as the law authorized and, therefore, Atwood had no right to complain. As we said in the opinion, when the corporation through its shareholders chose to be governed by the general law, "that meant the general law as then in force and not the law as it was in 1936 when plaintiff was incorporated." The corporation was therefore authorized to increase its stock under the provisions of Sec. 56 of the corporation act of 1945, p. 702, now Sec. 351.090, Mo. R. S. 1949.