David W. SHAPIRO, Frank J. Raskevice, Haig S. Nakashian, Edward J. Duggan, Plaintiffs-Appellants,

v.

TROPICANA LANES, INC., Tropicana Cocktail Lounge, Inc., Eighty Hundred Clayton Corporation, a Corporation, and Frank J. Lama, Defendants-Respondents,

Louis Schreiber, J. Barney Moss, and Joseph Stulac, Defendants,

Louis Schreiber and J. Barney Moss, Defendants-Appellants.

WESTGATE ELECTRIC, INC., A Missouri Corporation, Plaintiff-Respondent,

v.

Frank M. CUMMINS, Defendant-Appellant.

Nos. 49794, 49987.

Supreme Court of Missouri,

Division No. 1.

Sept. 9, 1963.

Motion for Rehearing or for Transfer to Court En Banc Denied in No. 49794 Oct. 14, 1963.

defendants-respondents Tropicana Lanes, Inc., and others.

John H. Kreamer, Laird P. Bowman, Kansas City, for respondent Westgate Electric, Inc.; Gage, Hodges, Moore, Park & Kreamer, Kansas City, of counsel.

HENRY J. WESTHUES, Special Commissioner.

These cases involving the same questions of law were consolidated in this Court. Case No. 49794 was filed in the Circuit Court of the City of St. Louis and case No. 49987 was filed in the Circuit Court of Jackson County. Each case was filed under the Declaratory Judgment Act, Chapter 527, V.A.M.S.

The question for determination in each case was, and is, may articles of incorporation of a business corporation legally contain provisions for the issuance of two classes of common stock with regard to voting rights? Particularly, may such articles provide for one class of stock without voting rights and another with voting rights? Further, is such a classification a violation of Article XI, Sec. 6, of the 1945 Constitution of Missouri, V.A.M.S.?

In each of the above-entitled cases, the trial court ruled that such a classification does not violate the constitutional provisions or the public policy of this state. In each case, the stockholders owning non-voting stock appealed to this Court.

In case No. 49794, the plaintiffs are holders of non-voting stock and the principal defendants are three corporations and Frank J. Lama. A number of owners of non-voting common stock were made defendants by order of the court. The three corporations own and operate a single business establishment consisting of a bowling alley, a restaurant, and a cocktail lounge. Tropicana Lanes, Inc., owns the bowling alley, Tropicana Cocktail Lounge, Inc., owns the restaurant, and the building is owned by Eighty Hundred Clayton Corporation. The details of the operations of

Carroll J. Donohue, Myron Gollub, Husch, Eppenberger, Donohue, Elson & Jones, St. Louis, for plaintiffs-appellants Shapiro, Nakashian, Raskevice and Dugan and defendants-appellants Louis Schreiber and J. Barney Moss.

Nolan J. Hepburn, Kansas City, for appellant Frank M. Cummins.

Greensfelder, Hemker & Wiese, Forrest M. Hemker, Mark R. Gale, St. Louis, for

these corporations need not be stated since they do not affect the ultimate question presented. Frank J. Lama owns the voting stock and plaintiffs and the appealing defendants own the non-voting stock.

In case No. 49987, the corporation itself filed the declaratory judgment action making a non-voting shareholder the defendant. The defendant-appellant, in his brief, made a statement of facts outlining the issues which we adopt, as follows:

"This action was brought by respondent for a declaratory judgment as to appellant's right to vote Class A common shares issued by respondent and held by appellant. The action was brought following demands by appellant to be permitted to vote his shares in the election of directors of respondent. The Articles of Incorporation of respondent under which appellant's Class A common shares were issued to him provide that the holders of Class A common shares shall have no right to vote for directors. Appellant contends that Article XI, Section 6 of the Missouri Constitution invalidates this voting restriction and guarantees him the right to vote for directors.

"The cause was submitted to the court below on a Stipulation of Facts and briefs. The provisions of respondent's Articles of Incorporation containing the voting restrictions in issue are as follows:

"'ARTICLE THREE

"'The total authorized capital of the corporation shall be Thirty Thousand ($30,000.00) Dollars divided into Three Thousand (3,000) shares of which One Thousand Five Hundred (1,500) shares shall be Class "A" common shares, having a par value of Ten ($10.00) Dollars each and One Thousand Five Hundred (1,500) shares shall be Class "B" common shares, having a par value of Ten ($10.00) Dollars each.

"'The holders of Class "A" common shares shall not, except as otherwise specifically provided herein, have any voting rights as shareholders of the Corporation, nor shall they be entitled to notice of the meetings of the shareholders. All rights to vote and all voting power (including but not limited to the right to vote for directors), and all management and control of the Corporation, except as otherwise hereinafter specifically provided, are vested exclusively in the holders of Class "B" common shares.

"'The holders of Class "A" common shares shall only have the right to vote on any amendment to the Articles of Incorporation of said corporation which would change the relative rights as fixed herein between Class "A" common shares and Class "B" common shares. The holders of said Class "A" common shares and Class "B" common shares shall each vote as a class.

"'No holder of Class "A" common shares shall have any preemptive or preferential right of subscription to any Class "B" common shares, and no holder of Class "B" common shares shall have any preemptive or preferential right of subscription to any Class "A" common shares.'

"Respondent has 50 Class 'B' common shares issued and outstanding none of which are held by appellant and 20 Class 'A' common shares all of which are held by appellant. Appellant made timely demand upon respondent to be included in its list of shareholders entitled to vote at the annual meeting of shareholders of respondent held on January 21, 1963, but respondent failed to do so. Thereafter appellant appeared at that meeting and sought to vote his Class 'A' common shares in the election of directors but was denied such right. Following such demands by appellant, respondent filed this action for a declaratory judgment as to appellant's voting rights. Appellant filed his answer admitting the factual allegations of the petition and praying that the court declare the voting restrictions upon his shares of stock void as contrary to Article XI, Section 6 of the Missouri Constitution. Following the entry of the Judgment and Decree herein, appel-

lant timely filed his Motion for New Trial which was overruled and Notice of Appeal to this Court was thereafter filed."

The articles of incorporation in each of the three corporations, defendants in case No. 49794, contained provisions for the issuance of non-voting common stock.

The precise question before us has apparently not been decided by an appellate court in this state. The attorneys for the parties have not found such a case and we have made a search with the same result. The cases cited in the briefs on the subject deal for the most part with the right to issue *non-voting preferred stock*. In all of the briefs filed by the parties, the case of State ex rel. Frank v. Swanger, 190 Mo. 561, 89 S.W. 872, 2 L.R.A.,N.S., 121, is cited and all parties rely heavily thereon. This Court en Banc there held that a corporation may issue non-voting *preferred stock;* that such action did not violate our Missouri Constitution, nor was such against the public policy of this state. The constitutional provision involved was Article XII, Section 6 of the 1875 Constitution. Our 1945 Constitution contains a similar provision on this subject matter. See Article XI, Section 6. So far as applicable, the section reads:

"Section 6. In all elections for directors or managers of any corporation, each shareholder shall have the right to cast as many votes in the aggregate as shall equal the number of shares held by him, multiplied by the number of directors or managers to be elected, and may cast the whole number of votes, either in person or by proxy for one candidate, or distribute such votes among two or more candidates; and such directors or managers shall not be elected in any other manner; * * *."

Chapter 351, V.A.M.S., entitled "General and Business Corporations," enacted in 1943, contains a section with substantially the same provisions. See Sec. 351.245, V.A.M.S.

The owners of non-voting shares of stock say that the constitutional provision, which reads in part, that "In all elections for directors or managers of any corporation, *each shareholder* shall have the right to cast as many votes," is plain and unambiguous and not subject to interpretation. (Emphasis supplied.) In State ex rel. Frank v. Swanger, supra, this Court held that the section of the Constitution concerned cumulative voting by shareholders and permitted the whole number of shares of a stockholder to be cast for one or more candidates; further, that the constitutional provision had no reference to the contractual rights of stockholders as between themselves. Such an interpretation was necessary to sustain the ultimate conclusion reached to the effect that preferred shareholders could be legally deprived of voting rights. Otherwise, the opinion would not stand on a sound footing. The precise question before the court in that case concerned *preferred* stockholders. The court had much to say about the rights of holders of preferred stock to receive dividends even if the common stockholders did not. This fact was given as good reason for denial of voting rights to the preferred shareholders.

The holders of non-voting shares in the cases before us say that the court, in State ex rel. Frank v. Swanger, supra, based its decision on that theory; further, that the court held indirectly that the result would not have been the same had the dispute been between common stockholders. To this we cannot agree. The Constitution says "each shareholder" shall have the right to vote. Certainly, preferred shareholders are included in that provision. So, if the constitutional provision was intended to guarantee "each shareholder" a right to vote, then the holding in State ex rel. Frank v. Swanger, supra, is not sound. However, we are of the opinion that the result in that case is correct and based on sound reasoning. The wording of the section of the Constitution indicates that the subject matter was cumulative voting. The plain purpose of the law was to protect minority stockholders and to give them a

voice in the management of the corporation. We need not dwell at length on this subject matter. Much has been written thereon. We approve what was said in State ex rel. Frank v. Swanger, supra, and the following conclusion, as stated at page 876 of 89 S. W.: "Properly understood, we think section 6, of art. 12, of the Constitution (1875) means only that every stockholder *entitled to vote* at any corporate election is entitled to vote his share on the cumulative plan, but does not mean that the stockholders themselves in the organization of the company may not voluntarily agree that certain preferred stock shall be issued and that the holders thereof shall not have the right to vote." (Emphasis supplied.)

We approve the above ruling without reservation. The court there was dealing with the rights of preferred shareholders. If the section of the Constitution concerns only the cumulative plan of voting and does not affect the rights of stockholders themselves to agree voluntarily that certain stock may be deprived of voting rights, then the opinion supports the theory that non-voting common stock may be issued wherein the articles of incorporation so provide.

█ In the brief filed by the non-voting shareholders, in case No. 49794, it is stated that "The corporation and its modes and attributes are not products of private contract. They are products of the State, defined by statute under constitutional authorization." We do not agree. Business corporations are the product of private contract. Fletcher, On Corporations, Vol. 11, Sec. 5083, p. 42; 18 C.J.S. Corporations § 477, p. 1147, and cases there cited. Of course, such corporations are subject to the regulations prescribed by the Missouri Constitution and statutory law and such laws become a part of the charter of the corporation. Midland Truck Lines, Inc. v. Atwood, 362 Mo. 397, 241 S.W.2d 903. The articles of incorporation constitute a contract between the stockholders inter sese. 18 C.J.S. Corporations § 71, pp. 456, 457, Note 59.

We have found no constitutional nor statutory provision which directly or indirectly prohibits the forming of a corporation where the articles of incorporation provide for two classes of common stock, one class of non-voting stock, the other with voting rights. We are supported in the theory that such may be done by the history of the corporation laws of this state. This Court en Banc, in State ex rel. Frank v. Swanger, supra, held in no uncertain terms that the constitutional provisions in question had to do with cumulative plan of voting and not that the stockholders themselves in the organization of the company may not voluntarily agree that certain stock (in that case, preferred) shall be issued without voting rights. That decision was in the year 1905. With that case on our books, for forty years unchanged, the Constitution of 1945 was adopted with a similar provision therein. 16 C.J.S. Constitutional Law § 35, p. 114. Furthermore, it was stated in the stipulation of facts in case No. 49987 that approximately 550 domestic corporations in this state have articles of incorporation with provisions authorizing the issuance of voting and non-voting common stock; that since 1923, such articles of incorporation have been approved by the Secretary of State.

In spite of this history, the present Chapter 351, V.A.M.S., was enacted in 1943 with no restrictions pertaining to the rights of forming corporations wherein the articles of incorporation provide for the issuance of non-voting common stock.

█ The non-voting shareholders urge that the voting shareholders have the control of the corporation and have thereby an undue advantage. They say, and it is admitted, that the price of the shares is the same. That fact does not alter the situation. If the parties forming the corporation agree among themselves that the articles of incorporation shall provide for non-voting and voting shares, who can complain? In our opinion it is purely a matter of contract and does not affect the public. In Clark and Marshall, Private Corporations,

Vol. 3, Sec. 653, it is stated: "A stockholder has no right to vote at corporate meeting, whether the stock is common or preferred, if it is so stipulated when the stock is issued, for the stipulation is then a term of his contract." The parties forming the corporation may have good reason for such action. It may be that it is desirable to keep control of the affairs of the corporation in the holders of voting shares. In some cases, non-voting common shares are more attractive than preferred. In a prosperous business, the dividends to common stockholders may be much greater than the dividends paid to the preferred shareholders. Be that as it may, we see no inhibition against the issuance of non-voting shares where such is authorized by the articles of incorporation. Purchasers of such stock know what they are buying and thereby are bound by the provisions of the articles of incorporation.

We have not cited many authorities in the course of the above opinion. However, in our research we have examined many of the cases and authorities cited in the briefs and others as well. We discovered cases and authorities on both sides of this question. We have carefully examined the case of State ex rel. Frank v. Swanger, supra, the constitutional provisions, and statutory law of this state pertaining to the subject matter before us. Our conclusion is that the trial court in each case now before us ruled correctly in holding that the issuance of non-voting stock is not contrary to any law of Missouri nor is such action against public policy.

Those wishing to pursue the subject matter further may find it interesting to examine and read the following authorities in addition to those mentioned supra: 17 Kansas City Law Review 66 (December 1948), reprinted for the most part as a cross reference to Article XI, Section 6, of the Missouri Constitution (1945), as well as to Sec. 351.245, V.A.M.S.; "Nonvoting Shares in Missouri," by William Pittman, 26 Missouri Law Review 117 (1961); Fletcher, on Corporations, Vol. 11, Sec. 5301, p. 890;

Cook On Corporations, 1923 Ed., Sec. 622b; People ex rel. Watseka Telephone Co. v. Emmerson, 302 Ill. 300, 134 N.E. 707, 21 A.L.R. 636, Annotations beginning at page 643; E. K. Buck Retail Stores v. Harkert, 157 Neb. 867, 62 N.W.2d 288, 45 A.L.R.2d 774.

It follows that the judgment of the trial court in each case, that is, No. 49794 and No. 49987, should be and it is hereby affirmed. It is so ordered.

All concur.