James **SCHNEIDER**, c/b/a **Rich Hill Insurance Agency**, Plaintiff-Respondent,

v.

**BEST TRUCK LINES, INC.**, Defendant-Appellant.

**No. 25579.**

Kansas City Court of Appeals, Missouri.

June 8, 1971.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1971.

Application to Transfer Denied Dec. 13, 1971.

Charles W. Hess, Linde, Thomson, VanDyke, Fairchild & Langworthy, Kansas City, for defendant-appellant.

Julius F. Wall, Poague, Brock & Wall, Clinton, for plaintiff-respondent.

SHANGLER, Presiding Judge.

The petition of plaintiff, James Schneider, doing business as Rich Hill Insurance Agency, was brought against defendant Best Truck Lines, Inc., in two counts, one upon a promissory note and the other upon an account. The note was executed on behalf of the corporate defendant by Nelce Isham, then its president, and represented earned premiums due plaintiff on policies issued defendant during the preceding two years, but since cancelled. The second count was for premiums due for policies of insurance issued—at the direction of the corporate defendant's president, Nelce Isham—to Apex Truck Lines under whose operating authority Best Truck Lines, Inc. was then conducting some of its business. Trial was to the court and plaintiff recovered on each count.

■ It is appellant's insistence that the judgment may not stand because at the time of the transactions upon which it is based, and (from its argument, we infer) at the time plaintiff's suit was filed appellant's charter was in forfeiture, hence it was not an existing corporation and lacked the capacity to be sued. Evidence proffered by appellant to prove the forfeiture and consequent lack of any corporate capacity was excluded by the trial court, and appellant claims this to have been error.

In support of its position, appellant turns to the provisions of Secs. 351.525, 351.530, 351.535 and 351.575 of the General Business and Corporation Act of Missouri which relate to the forfeiture and rescission of forfeiture of corporate rights and particularly to the effect given these statutory sections by these judicial declarations in Clark Estate Co. v. Gentry, 362 Mo. 80, 240 S.W.2d 124, 127[1, 2]:

"On the day of the forfeiture, the company's very being as a legal entity was destroyed and from that date the then officers and directors of the dissolved corporation became statutory trustees of its affairs for the purposes stated in the statute. Turner v. Browne, 351 Mo. 541, 173 S.W.2d 868; Bruun v. Katz Drug Co., 351 Mo. 731, 173 S.W.2d 906; and Leibson v. Henry, supra.

"Among the statutory rights forfeited was that of suing as a corporation. See Sec. 4997.4, Mo.R.S.A. now Sec. 351.385, Mo.R.S.1949. *The corporation could no longer sue in its own name. Having no legal entity it could not be a party plaintiff or defendant at law or in equity.*" (Emphasis added)

These statutes and the legal relationships to which they have been determined to give rise by *Clark* and other cases construing them,[1] although germane to the question appellant raises, are not conclusive of it. We have determined that other principles of law are decisive of the issue presented so that under the pleadings and evidence before the trial court, and now before us on this appeal, the corporate defendant has admitted its capacity to be sued and is now otherwise estopped from denying its corporate status on the occasions of its dealings with plaintiff.

Plaintiff's petition came in two counts, and the first paragraph of each averred, identically:

"Plaintiff is a resident of and doing business in Rich Hill, Bates County, Missouri, and *the defendant is a corporation doing business in Clinton, Henry County, Missouri.*"

Defendant made this answer to the first paragraph of each count: *"Admits the allegations of paragraph 1."* As to the other allegations of Count I, defendant admitted also that it had paid $1358.67 on the note leaving a balance due of $1358.46, as alleged, but denied the other averments, including the execution and delivery of the note. The remaining allegations of Count II were also denied. The trial which ensued was governed by the issues made by these pleadings.

In the course of proving his case, plaintiff undertook to show that defendant Best

Truck Lines, Inc., had acknowledged the promissory note as its corporate obligation by drawing against its account and tendering to plaintiff as payee two checks, one on August 12, 1968 and the other on September 13, 1968, each for $271.71, the precise monthly payment required by the face of the instrument. Plaintiff also undertook to show that although these checks, plaintiff's Exhibits 2 and 3, were not honored by the drawee bank because of insufficient funds, payments due on previous months had been regularly made by defendant without disclaimer of corporate responsibility. At that, defendant objected to both exhibits, and for the first time raised its lack of capacity to be sued on the specific ground that "Best Truck Lines, Inc., was not in corporate existence on either August 12, 1968, or September 13, 1968 * * * and Best Truck Lines, Inc., were not a corporate corporation (sic) existing under law on those dates in either the State of Missouri or the State of Kansas". The court overruled the objection and the trial continued.

During the cross-examination which followed, defendant elicited from plaintiff that he had no certain knowledge of the actual corporate status of defendant Best Truck Lines, Inc., at the times of the transactions upon which his claims were based. (The petition alleges defendant executed the promissory note on January 4, 1968 and incurred the account for the insurance policies on May 10, 1966.) Thereupon, defendant offered in evidence its Exhibits 2 and 3, presumably to prove the lack of corporate existence on those occasions. Defendant's Exhibit 2, which includes both an application for a Certificate of Reinstatement, Restoration or Renewal submitted by Best Truck Lines, Inc., on December 1, 1969 to the Secretary of State of Kansas and the Certificate of Reinstatement which issued upon it, shows that the defendant

---

1. See among others, Bruun v. Katz Drug Co., Mo., 173 S.W.2d 906, 909 [3–8]; Leibson v. Henry, 356 Mo. 953, 204 S.W. 2d 310, 315 [5]; Bradley v. Reppell, 133 Mo. 545, 32 S.W. 645, 646 [1]; State ex rel. McDowell v. Libby, Mo.App., 175 S.W.2d 171, 173 [1, 4]; Gieselmann v. Stegeman, Mo., 443 S.W.2d 127, 135 [9, 10]; Watkins v. Mayer, Mo.App., 103 S.W.2d 566, 568 [2].

corporation was organized under the laws of the State of Kansas in 1957, suffered a cancellation of its charter by the Kansas authority during the years 1966, 1967 and 1968 for failure to file annual reports and pay annual fees, and was reinstated in its corporate existence on December 9, 1969. Defendant's Exhibit 3 is a rescission of the forfeiture of defendant's corporate authority to do business in the State of Missouri for its past failure to comply with Sec. 351.600, V.A.M.S. whereby Best Truck Lines, Inc. was restored to good standing in Missouri on December 16, 1969. There is no indication either by defendant's Exhibit 3 or otherwise for which period the Missouri forfeiture had been effective.[2] Plaintiff objected to the reception of these exhibits on the ground that defendant's lack of corporate capacity had not been affirmatively pleaded and therefore that issue had not been made. Defendant argued that the exhibits were admissible since its "general denial gets at this question". The trial court excluded the proffered exhibits explicitly because defendant had admitted corporate status in its answer.

In the court below and on this appeal, defendant has sought to avoid the effect of its pleaded admission of corporate existence by insisting, among other things, that it was the result of a mistake of fact. It appears to be defendant's position that with the admission nullified, evidence of defendant's lack of corporate capacity becomes properly admissible under the general denial. The record plainly does show that both its Kansas charter and corporate good standing in Missouri were not restored to defendant until December, 1969, almost six months after its answer was filed. Yet, it taxes our credulity that defendant should not have been aware of the state of its corporate life at the time it pleaded. Under the circumstances, we do not believe defendant may have the advantage of its own mistake to make an issue of corporate status and thus to render admissible the proffered documentary exhibits when to do so would be to confront plaintiff for the first time during the advanced stages of trial with an issue he had every right to believe would not require his proof. Defendant is otherwise completely foreclosed from asserting mistake by failing to disclaim the admission by an amended pleading before the trial on March 23, 1970, although its mistake was brought to its notice afresh by December 1, 1969 at the latest. On that date, its trial counsel, who is also counsel on this appeal as well as an officer of the corporate defendant, submitted application for restoration of the corporate charter in which the period of forfeiture was described as the years 1966, 1967 and 1968, the very period of the transactions with plaintiff, and to which, reasonably, the pleaded admissions of defendant's corporate existence must be said to relate. 71 C.J.S. Pleadings, § 160(a). Having continued to admit its corporate existence under these circumstances, defendant's claim of mistake of fact was not available at the trial to raise an issue of its lack of corporate status nor is it available now to undo the judgment. R. B. Higgins Contracting Supply Co. v. Francis, Mo. App., 259 S.W. 819, 820[2, 3]. As there was no issue of defendant's corporate status, defendant's proffered exhibits tending to show a want of such status was inadmissible and properly rejected. Iroquois Mfg. Co. v. Annan-Burg Milling Co., 179 Mo.App. 87, 161 S.W. 320, 322[5].

Defendant is quite mistaken in the assumption that had its pleaded admission of

---

2. Defendant assumes throughout that since, as defendant puts it, under Sec. 351.575 V.A.M.S., "a foreign corporation enjoys the same rights of a domestic corporation so long as it has received a certificate of authority and remains *in good standing* in the state of its incorporation", the revocation of Best's charter by Kansas, the state of incorporation, *ipso facto* and without more, worked a forfeiture of Best's corporate status in Missouri during that period. We need not decide that question. It should be noted that the causes of action sued upon are based upon Missouri transactions.

corporate status been vitiated somehow, proof of lack of corporate existence would then have been admissible under the general denial. A general denial does not put in issue, but rather admits, the capacity in which a plaintiff sues or a defendant is sued. Hendon v. Kurn, 351 Mo. 980, 174 S.W.2d 806, 810[4]; Spelman v. Delano, 177 Mo.App. 28, 163 S.W. 300, 302[3]. Sec. 509.140, V.A.M.S. and its counterpart, Civil Rule 55.15, V.A.M.R., provides:

"It shall be sufficient to aver the ultimate fact of the capacity of a party to sue or be sued or * * * the legal existence of a corporation * * * *When a person desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued * * he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge.* When a party raises such an issue, the burden of proof thereon shall be placed upon the opposite party." (Emphasis supplied)

One meaning of this rule is that a defendant, upon being sued as a corporation, and which answers as such, thereby admits its corporate character and plaintiff need not prove it. Moreover, by the explicit terms of the rule a mere denial is not sufficient to put in issue the corporate existence of a party or its capacity to be sued. This may be done only by "specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge". United Farm Agency v. Howald, Mo.App., 263 S.W.2d 889, 893[9, 10]; Readenour v. Motors Insurance Corp., Mo., 297 S.W.2d 554, 557[3]; Meyer Bros. v. Insurance Co., 73 Mo.App. 166, 169. Failing that, the right to question capacity to be sued is waived. Sec. 509.400, V.A.M.S.; Civil Rule 55.54, V.A.M.R.; Opie Brush Company v. Bland, Mo.App., 409 S.W.2d 752, 755[3]; Iroquois Mfg. Co. v. Annan-Burg Milling Co., supra, 161 S.W. l. c. 321[4]; Darr v. Darr, Mo.App., 287 S.W.2d 118, 120[1–4].

Over and above this, although on the day of forfeiture of its charter the corporation ceased to exist and could not function thereafter (until the rescission of forfeiture) as a corporate entity, only those not estopped might assert that fact. It is a well settled principle that "(w)here one contracts with a body assuming to act as a corporation or by a name distinctly implying a corporate existence, both parties in a suit upon the contract are usually estopped from denying such corporate existence". White v. Bellafontaine Lodge, I. O. O. F., 30 Mo.App. 682, 684; Bradley v. Reppell, 133 Mo. 545, 32 S.W. 645, 647; School Consolidated Dist. No. 10 of Arbyrd v. Wilson, 345 Mo. 598, 135 S.W.2d 349, 354[12]; Farmers' and Merchants' Ins. Co. v. Needles, 52 Mo. 17, 19; 18 C.J.S. Corporations § 111(a). In this case, the execution of the promissory note and the incurrence of the account in the corporate name were solemn affirmations by defendant of its then corporate existence and of its capacity to be bound in those contractual obligations. And although Best Truck Lines, Inc.'s answer formally denies the execution of the note and the transaction for the account, these are concededly not assertions of ultra vires corporate conduct, but extensions of its nul tiel corporation argument—that the corporation did not legally exist on those occasions. See: Rialto Co. v. Miner, 183 Mo.App. 119, 166 S.W. 629, 632[4]. In the circumstances of this case defendant is estopped from asserting its pretended nul tiel corporation plea. "For the purposes of the issue, we have a 'corporation by estoppel'." School Consolidated Dist. No. 10 of Arbyrd v. Wilson, 135 S.W.2d l. c. 354[12].

Defendant's ultimate argument is: notwithstanding its admissions of corporate standing or of estoppel to deny corporate existence, since during the period of forfeiture defendant " 'could not be a party plaintiff or defendant at law or in equity' ", neither admissions nor considerations of estoppel could "retroactively recreate the corporation", and therefore the judg-

**660**

ment against it may not stand. Defendant stakes the validity of this argument on what it understands of Clark Estate Co. v. Gentry, 362 Mo. 80, 240 S.W.2d 124. In that case, an issue was presented of the right of a corporation, the charter of which had been forfeited, to file and maintain a suit in its own name and as a corporation. The plaintiff's corporate status and right to sue were directly challenged by defendant's pleadings. The Supreme Court (l. c. 128[3, 4]) expressly recognized both the necessary role of pleadings to bring "'this question (of corporate status) to a focus'" and the efficacy of estoppel in proper circumstances to preclude "rais(ing) the nul teil corporation issue". Watkins v. Mayer, Mo.App., 103 S.W.2d 566, 568 [1, 2]; Bruun v. Katz Drug Co., Inc., 351 Mo. 731, 173 S.W.2d 906, 907, 908; West Missouri Land Co. v. Kansas City S. B. Ry. Co., 161 Mo. 595, 61 S.W. 847, 849 [1, 2]. No word, suggestion or holding of that case impairs the authority of the statutes, rules and decisions we have cited which recognize that corporate status and capacity to be sued may be admitted, waived or precluded of proof by an estoppel.

 The remaining point appellant raises is that plaintiff was not the real party in interest to maintain the suit on the note under Count I, in that, although the note —only a copy of the face of which was attached to the petition—shows plaintiff as payee, the reverse and "omitted part of the instrument would have shown that it had been endorsed and transferred to another party plaintiff". This contention is altogether frivolous. The entire note was received in evidence. Plaintiff was designated original payee on its face. The reverse side discloses that although plaintiff, indeed, had "endorsed and transferred" it to another—the Farmers State Bank of Shell City, Missouri—the note was subsequently endorsed to the plaintiff. Therefore, at the filing of his petition, plaintiff was the payee and holder of the note, the legal owner of the obligation, and the proper party to maintain suit on it.

The judgment is affirmed.

All concur.