**Jack V. RILEY, Plaintiff-Appellant,**

**v.**

**BEST TRUCK LINES, INC., Defendant,**

**Clem W. Fairchild and Charles White Hess, Defendants-Respondents,**

**Albert E. Upsher and Nelce Isham, Defendants.**

**Jack V. RILEY, Plaintiff-Respondent,**

**v.**

**BEST TRUCK LINES, INC., Defendant-Appellant,**

**Clem W. Fairchild et al., Defendants.**

**Nos. KCD 26288, KCD 26292.**

Missouri Court of Appeals, Kansas City District.

May 4, 1974.

Rehearing Denied June 3, 1974.

Roger W. Penner, Reeder, Dysart & Taylor, Kansas City, for appellant, Jack V. Riley.

Robert G. Oberlander, Linde, Thomson, Van Dyke, Fairchild & Langworthy, Kansas City, for appellant Best Truck Lines, Inc.

Robert G. Oberlander, Linde, Thomson, Van Dyke, Fairchild & Langworthy, Kansas City, for respondents Clem W. Fairchild and Charles White Hess.

Roger W. Penner, Reeder, Dysart & Taylor, Kansas City, for respondent Jack V. Riley.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

SOMERVILLE, Judge.

In this jury-waived, court-tried action, Jack V. Riley (hereinafter referred to as plaintiff) on February 25, 1970, brought suit against Best Truck Lines, Inc. (hereinafter referred to as Best), seeking judgment in the amount of $4,491.49 for insurance premiums claimed due and owing for policies of liability, workmen's compensation and cargo insurance issued to Best. On November 19, 1970, by leave of court, plaintiff amended his original petition by adding an additional count seeking judgment in the amount of $4,491.49 for the referred to insurance premiums against Fairchild, Hess, Upsher and Isham, individuals summoned as additional defendants by plaintiff. Parenthetically, it should be noted that plaintiff at no time pleaded that Best and the individual defendants were jointly and severally liable for the $4,491.-49 claimed due and owing for the referred to insurance premiums.

The trial court found and entered judgment in favor of plaintiff and against Best in the sum and amount of $4,491.49, but found and entered judgment in favor of the individual defendants and against plaintiff. Cross-appeals were taken. Best appealed from the judgment entered against it and plaintiff appealed from the judgment entered in favor of individual defendants Fairchild and Hess. The cross-appeals have been consolidated.

The pleadings, evidence and briefs on appeal, cumulatively, indicate difficulty on the part of the parties to come to grips with any plausible legal theory of recovery or defense, and as a result the issues have been laced with confusion, doubt and uncertainty. Consequently, interlucation of the trial court record, although extremely difficult, becomes necessary to place the cross-appeals in proper perspective for appellate disposition.

On March 4, 1957, Best was incorporated under and by virtue of the laws of the State of Kansas. On August 21, 1967, Best's corporate charter was forfeited "for failure to file the 1966 Annual Report". On December 9, 1969, Best's corporate charter was reinstated by the State of Kansas. Prior to August 21, 1967, Best was authorized to do business in the State of Missouri. On August 21, 1967, Best's authority to do business in the State of Missouri was forfeited. Best's authority to do business in the State of Missouri was reinstated December 16, 1969.

Subsequent to August 21, 1967, but prior to December 9, 1969, plaintiff sold certain insurance policies which were issued to Best as the named insured. Plaintiff negotiated sale of the referred to insurance policies in Kansas City, Missouri, and said policies were delivered in Missouri. Plaintiff's place of residence is nowhere mentioned in the record. Plaintiff's initial negotiations were conducted with individual defendant Isham, who owned 267 of the 300 issued and outstanding shares of stock of Best. Plaintiff's concluding negotiations were conducted with Hess, Sr., attorney for individual defendants Fairchild and Hess, Jr. While plaintiff's concluding negotiations were being conducted with Hess, Sr., individual defendants Hess, Jr. and Fairchild were negotiating with individual defendant Isham to purchase the 267 shares of Best stock owned by him. Purchase of the stock by individual defendants Hess, Jr. and Fairchild from individual defendant Isham was not concluded until after the insurance negotiations between plaintiff and Hess, Sr. were concluded. Plaintiff was unaware, at the time the insurance policies were sold and issued to Best as the named insured, and during all negotiations leading up thereto, that Best's corporate charter had been forfeited. Hess, Sr. and individual defendants Hess, Jr. and Fairchild were, likewise, unaware that Best's corporate charter had been forfeited. During the entire period Best's corporate charter was forfeited by the State of Kansas, it continued to do business as a motor carrier in Missouri and Kansas. The insurance policies sold by plaintiff, naming Best as the named in-

sured, were required for Best to comply with Interstate Commerce Commission regulations in order to operate as a motor carrier. After plaintiff concluded initial negotiations with individual defendant Isham, Isham referred plaintiff to Hess, Sr., attorney for individual defendants Hess, Jr. and Fairchild, saying he "had sold the company" to them (individual defendants Hess, Jr. and Fairchild). As heretofore noted, at that time the purchase of individual defendant Isham's stock in Best was in the "negotiating state" but had not been concluded. During plaintiff's concluding negotiations with Hess, Sr., although purchase of individual defendant Isham's stock in Best by individual defendants Hess, Jr. and Fairchild had not been concluded, Hess, Sr. expressed concern to plaintiff over the insurance coverage being negotiated for, because, referring to individual defendants Hess, Jr. and Fairchild, "they were operating the company" and had to have the insurance coverage. Consequently, individual defendants Isham and Hess, Sr. at the time the policies of insurance were sold and issued, and during all negotiations leading up thereto, undertook on the respective occasions that plaintiff dealt with them, to act as agents for and on behalf of Best, and Best accepted and benefited from the insurance policies in question (among other benefits, two claims were paid under the policies).

Best's corporate charter was reinstated by the State of Kansas prior to the time plaintiff filed suit and Best was a Kansas corporation in good standing when the suit was filed and at all times subsequent thereto.

Best contends on appeal that the judgment entered against it for $4,491.49 in favor of plaintiff cannot stand because it had no corporate existence at the time the policies of insurance were sold and had no corporate existence during their period of coverage. Plaintiff contends on appeal that the judgment rendered against him and in favor of individual defendants Fairchild and Hess, Jr. should be reversed and judgment entered in his favor against individual defendants Fairchild and Hess, Jr. in the sum of $4,491.44, in accordance "with Plaintiff's Motion for Directed Verdict Against these Individual Defendants", because said individual defendants (Fairchild and Hess, Jr.) were statutory trustees of Best during the concluding negotiations and sale of the insurance policies in question, and, therefore, personally liable for the unpaid premiums.

■ Appellate review of this action is de novo upon the law and the evidence, deferring to the trial court's findings as to controverted factual matters involving the credibility of witnesses, and the judgment of the trial court will not be disturbed unless it is clearly erroneous. Rule 73.01(d), V.A.M.R.; Independence Flying Service, Inc. v. Ailshire, 409 S.W.2d 628 (Mo. 1966); Norman v. Durham, 380 S.W.2d 296 (Mo.1964). The judgment of the trial court should be affirmed if it can be sustained upon any reasonable theory. Morris v. Western Casualty and Surety Company, 421 S.W.2d 19 (Mo.App.1967).

In addressing Best's contention that the judgment rendered against it can not stand because it had no corporate existence at the time in question due to forfeiture of its corporate charter, it is to be noted that Kansas Statutes Annotated (K.S.A.) 17–4304 (enacted in 1939, and in force until July 1, 1972) specifically provided that reinstatement of the forfeited charter of a Kansas corporation "shall validate all contracts, acts, matters and things made, done and performed within the scope of its articles of incorporation by such corporation, its officers and agents during the time when such articles of incorporation were inoperative . . . with the same force and effect and to all intents and purposes as if said articles of incorporation had at all times remained in full force and effect . . . and said corporation after such renewal and revival shall be as exclusively liable for all contracts, acts, matters and things made, done or performed in its name and on its behalf by its officers and

agents prior to such reinstatement, as if its articles of incorporation had at all times remained in full force and effect."

■ As stated in 20 C.J.S. Corporations § 1802, p. 22 ". . . a corporation's charter and the laws of its domicile govern with respect to the fact and duration of the existence of the corporation, . . ." See also Morgan v. New York Nat. Building & Loan Ass'n., 73 Conn. 151, 46 A. 877, 878 (1900).

■ General principles of law applicable to determination of which state's law should be applied, in many instances, are —to venture a cliche—as easy to state as they are difficult to apply. However, this court does not find determination in the instant case fraught with such difficulty, because, if for no other reason, it would be unconscionable to clothe Best with greater immunity in Missouri, with respect to the transaction in question, that it would have had in Kansas, if the transaction had occurred there. See in this connection R. Leflar, American Conflicts Law (1968), § 252, p. 600.

■ This court holds that the money judgment rendered in favor of plaintiff against Best was not erroneous and should be affirmed by virtue of K.S.A. 17–4304, supra. The following cases cited by Best in support of its position, Clark Estate Co. v. Gentry, 362 Mo. 80, 240 S.W.2d 124 (1951), Land Clearance for Redevelopment Auth. v. Zitko, 386 S.W.2d 69 (Mo.banc 1964), Gieselmann v. Stegeman, 443 S.W. 2d 127 (Mo.1969), New Hampshire Fire Ins. Co. v. Virgil & Frank's Locker Serv., 302 F.2d 780 (8th Cir., 1962) and Camden v. Dodds Truck Line, Inc., 404 S.W.2d 233 (Mo.App.1966), are readily distinguishable from the instant case and fail to constitute controlling authority because they involved corporate entities incorporated under and by virtue of the laws of the State of Missouri.

■ Plaintiff's postulate that the judgment rendered against him and in favor of individual defendants Hess, Jr. and Fairchild be reversed is bottomed solely on the advanced theory that Hess, Jr. and Fairchild, during the time in question (a period during which Best's corporate charter was forfeited), were acting in the capacity of statutory trustees for Best as delineated in Section 351.525, RSMo 1969, V.A.M.S. Without deciding the applicability of Section 351.525, supra, in view of the fact that Best was a Kansas corporation, it suffices to say that neither Hess, Jr. nor Fairchild were officers or directors of Best at the time its corporate charter was forfeited, nor, parenthetically, neither Hess, Jr. nor Fairchild were officers or directors of Best at the time of the transaction in question with plaintiff. Perforce, Hess, Jr. and Fairchild were not statutory trustees of Best, as contended by plaintiff, and Leibson v. Henry, 356 Mo. 953, 204 S.W.2d 310 (banc 1947) and Borbein, Young & Company v. Cirese, 401 S.W.2d 940 (Mo. App.1966), cited and relied upon by plaintiff, do not constitute authority for holding individual defendants Hess, Jr. and Fairchild personally liable for the insurance premiums sued for by plaintiff. Plaintiff has failed to advance any additional theories or favor this court with any additional citations of authority that would justify this court finding that individual defendants Hess, Jr., and Fairchild were personally liable, jointly with Best, for the insurance premiums sued for by plaintiff. The judgment of the lower court in favor of individual defendants Hess, Jr. and Fairchild was not clearly erroneous and should be affirmed.

The trial court's resolve of the legal conundrums presented to it was eminently fair and just, and its judgment is, accordingly, affirmed in all respects.

All concur.