**PACIFIC INTERMOUNTAIN EXPRESS CO., Respondent,**

v.

**BEST TRUCK LINES, INC., Appellant.**

No. KCD 26236.

Missouri Court of Appeals, Kansas City District.

Dec. 30, 1974.

Motion for Rehearing and/or Transfer Denied Jan. 28, 1975.

Charles W. Hess, Linde, Thomson, Van Dyke, Fairchild & Langworthy, Kansas City, for appellant.

Gene A. DeLeve, Berman, DeLeve, Kuchan & Chapman, Kansas City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD, SOMERVILLE and TURNAGE, JJ.

SWOFFORD, Judge.

This case originated in the Magistrate Court on January 10, 1970 and is an action by the respondent seeking to collect interchange freight bills. Both parties were common carriers of freight for hire in both intra and interstate commerce. A default judgment was entered against the appellant in the Magistrate Court and upon appeal and a trial *de novo* in the Circuit Court, without a jury, a judgment was again entered against appellant in the amount of $727.77 from which judgment (following after trial motions) appellant perfected a proper and timely appeal to this court.

There is no real or substantial dispute about the amount of the transportation or interchange charges and the parties entered into a Stipulation of Facts in the Circuit Court, upon which stipulation the case was largely submitted, except as hereinafter noted. In this stipulation the parties thus defined and limited the *legal* issues:

"28. The parties stipulate and agree that the legal issue before this court is Best's liability for the aforementioned debts incurred by reasons of transactions which occurred during the period after Best's corporate charter had been forfeited by the Kansas State Charter Board, and prior to the time that said

forfeiture was rescinded and its charter restored and revived, and also the legal question of whether or not the forfeiture, as shown by the records, operated retroactively."

While this item of the stipulation is perhaps oversimplified and, of course, is not binding upon this court, it does aid in defining the issues of law, as viewed by the litigants, under the following stipulated facts.

The appellant was incorporated under the laws of the State of Kansas on March 4, 1957 and its charter was forfeited under the laws of that state on August 21, 1967 for failure to file the annual reports and pay the annual fees required by the statutes of that state; on December 9, 1969 the charter of appellant was reinstated and its corporate existence "extended, restored, renewed and revived"; that on June 29, 1966, the appellant was granted a certificate to transact business in Missouri as a foreign corporation; both appellant and respondent were and are common carriers engaged in the interstate transportation of property; that (with one exception) the interchange freight bills were all made between August 21, 1967 (the date of the forfeiture of appellant's charter) and December 9, 1969 (the date of the revival of such charter); and that between August 21, 1967 and January 1, 1969, the officers and directors continued to engage in the business of transportation of freight under the name of "Best Truck Lines, Inc." and held such business out to the general public and to the respondent as a corporation lawfully authorized to engage in such business.

In addition to the stipulated facts, it is stated in appellant's brief that:

"4) March 13, 1969, Isham and others sold 90% of the capital stock of a non-existent corporation (Best) to Fairchild and others representing and warranting: * * *"

Other facts pertinent to the decision of this case will be hereafter noted.

The position of the appellant here may be thus summarized: *First*, that the trial court lacked jurisdiction of the subject matter of the litigation and to render judgment against a corporation which was non-existent at the time the interline freight bills were incurred; that the former officer and owner, Isham, acted as statutory trustee under Section 351.525 RSMo 1969, V.A.M.S.; and, that the corporation was not "recreated retroactively" when its charter was reinstated December 9, 1969; and *second,* neither the non-existent corporation nor anyone acting in its place assumed the debts created by the former officer and owner, Isham, for interline service used by him.

The difficulties encompassed within the corporate history of appellant have on two other occasions engaged the attention of this court.

In Schneider v. Best Truck Lines, Inc., 472 S.W.2d 655 (Mo.App.1971) the appellant was sued upon a promissory note signed in the corporate name by Isham during the period of forfeiture of its charter. The same defenses were there raised as are now asserted by appellant. This court affirmed the judgment upon the basis that Best was estopped by its pleading and by the evidence from asserting the defense of lack of corporate existence. It was there said, 1. c. 659:

"* * * It is a well settled principle that '(w)here one contracts with a body assuming to act as a corporation or by a name distinctly implying a corporate existence, both parties in a suit upon the contract are usually estopped from denying such corporate existence'. (cases cited)"

This court further held in *Schneider* that for the purposes of the issue, "we have a 'corporation by estoppel'". (1. c. 659)

In Riley v. Best Truck Lines, Inc., 510 S.W.2d 229 (Mo.App.1974), decided May 4, 1974, this court again rejected the same legal arguments now presented for the third time in the case at bar. In *Riley,* suit was

instituted to recover insurance premiums for policies placed by the plaintiff on behalf of Best Truck Lines, Inc. during the period of forfeiture. The case was tried against the corporation and additional defendants who were the individual sellers and buyers of the capital stock of the corporation and were also its officers and directors during the periods involved. Aside from these additional parties and the fact that the debt sued on in *Riley* was for insurance premiums (and here for interchange freight bills) the basic facts and legal principles in the two cases are identical. The Circuit Court in *Riley* entered judgment against the corporation and in favor of the individual defendants. This court affirmed, not upon the theory of estoppel by pleading and evidence as in *Schneider*, but upon the basis of the Kansas validation statute, Section 17–4304, Kansas Statutes Annotated, which will be hereafter more fully noted. The decisions in *Schneider* and *Riley* are reaffirmed and adopted as controlling here, with these additional comments which hopefully will put to rest the now threadbare argument of appellant, that the Missouri statutes and cases are exclusively controlling as to the effect of the forfeiture of the charter of the appellant and that under the Missouri law this action cannot be maintained against it for debts incurred during the forfeiture.

█ As was noted in Riley v. Best Truck Lines, Inc., the general rule is stated in 20 C.J.S. Corporations § 1802, p. 22: " * * * a corporation's charter and the laws of its domicile govern with respect to the fact and duration of the existence of the corporation, * * * " Additionally, it is elementary that the powers and very existence of a corporation are derived from the state or other sovereignty creating it and it functions under its charter, which is in effect a contract between it and the state in which it is organized. As a necessary and vital concomitant of this grant the constitutional and statutory laws of the state in which it is organized, applicable to it, "enter into, and become part of, its articles of incorporation or charter", 18 Am.Jur.2d, Section 81, p. 622; 18 C.J.S. Corporations § 71, p. 456. Such is the law in both Kansas and Missouri and in most jurisdictions. Wilson v. Kansas Children's Home and Service League, 159 Kan. 325, 154 P.2d 137, 140 [3] (1944); Midland Truck Lines, Inc. v. Atwood, 362 Mo. 397, 241 S.W.2d 903, 905 [1] (1951); Shapiro v. Tropicana Lanes, Inc., 371 S.W.2d 237, 241 [2] (Mo.1963); Fletcher Cyclopedia Corporations, Permanent Edition, Vol. 7, Section 3635, p. 776.

█ Thus, upon the granting of the charter to the appellant in Kansas on March 4, 1957, the provisions of the Kansas Statutes, applicable to it became a part of its charter as though written therein. These included its obligation to file the necessary annual registration forms and pay the annual fees; its privilege to reinstate its charter if forfeited under specified conditions; and, the so-called validation statute, Section 17–4304 Kansas Statutes Annotated (reenacted Section 17–7002(d)—Laws 1972, Chapter 52), which provides that the reinstatement of the charter of appellant on December 9, 1969 (forfeited August 21, 1967) validated

"all contracts, acts, matters and things made, done and performed within the scope of its articles of incorporation by such corporation, its officers and agents during the time when such articles of incorporation were inoperative * * *, with the same force and effect and to all intents and purposes as if said articles of incorporation had at all times remained in full force and effect; * * * and said corporation after such renewal and revival shall be as exclusively liable for all contracts, acts, matters and things made, done or performed in its name and on its behalf by its officers and agents prior to such reinstatement, as if its articles of incorporation had at all times remained in full force and effect."

■ The fact that this statute became part of the charter of the appellant would, standing alone, warrant the affirmance of the judgment herein, as was held by this court in Riley v. Best Truck Lines, Inc., supra. But there are other persuasive reasons.

■ When a corporation organized under the laws of another state becomes licensed to do business in Missouri "it carries with it its charter and the law under which it is incorporated, and persons dealing with it, particularly those who are members of the association or corporation, are bound to take notice of the provisions for control of its affairs and the scope of the authority of its officers and agents, and especially of the business in which it can engage." Smoot v. Bankers Life Ass'n, 138 Mo.App. 438, 120 S.W. 719, 728 [5] (1909).

■ There can be no doubt that the foreign corporation thus licensed to do business in Missouri also becomes subject to the applicable Missouri statutes. Section 351.575 RSMo 1969. Appellant asserts that by the application of this statute to the facts in this case it became subject to the terms and provisions of Section 351.525 RSMo 1969 relating to the forfeiture of the charter of a domestic corporation and that Section 351.525 RSMo 1969 is in conflict with Section 17–4304, Kansas Statutes Annotated, the so-called "Validation Statute", and that by reason of such conflict the Kansas law must give way. No such conflict exists under the facts in this case. In the first place, these statutes deal with entirely different subjects. The Missouri statute (Section 351.525) deals exclusively with the liquidation and winding up of corporate affairs, application of corporate assets upon forfeiture, the responsibility of the directors and officers as trustees in relation to the application of those assets and their personal liability "to the extent of its property and effects that shall have come into their hands." No part of this statute deals with reinstatement or responsibility

for interim transactions during the period of forfeiture upon reinstatement. Indeed, the Missouri statutes contain no validation law such as Section 17–4304 K.S.A., above quoted. In both states, the forfeiture of a corporate charter terminates the authority of the corporation to act *de jure*. In Kansas, reinstatement validates all interim transactions as corporate acts. There is nothing in the Missouri statutes that vitiates or diminishes such Kansas statute controlling on Kansas corporations licensed to do business in Missouri, such as appellant, and, indeed, Section 17–4304 K.S.A. is an integral part of its charter by implication of law. There is no area of conflict and this gap and fallacy in appellant's argument cannot be bridged by the *ex gratia* statement in its Reply Brief that this court in *Riley*, supra, improperly applied the Kansas validating statute, something Missouri doesn't have—"*and has refused several times to pass*". The quoted statement is entirely outside the record before this court, is unsupported by any evidence, is improper and immaterial, and will not be considered.

■ A further consideration overlooked by appellant in its legal argument is that the present officers and directors of the appellant acquired their ownership of that corporation (whatever its then standing) by purchase of its *capital stock*, and thereby succeeded to the management of its affairs, including its liabilities as well as its assets and whatever corporate infirmities existed and statutory rights under Kansas law to remove such infirmities. Forest City Mfg. Co. v. Levy, 33 S.W.2d 984, 986 [4] (Mo.App.1931); Buder v. Stocke, 121 S.W.2d 852, 857 [6] (Mo. 1938); 18 C.J.S. Corporations § 441, pp. 1073–1074.

The facts are undisputed that the charter was reinstated in Kansas on December 9, 1969 calling into operation the Kansas validation statute (Section 17–4304); that the corporation continued to do business under its corporate name during all the period of forfeiture, including its transactions with

respondent giving rise to this action; that the corporation filed its 1969 Annual Registration Report and Anti Trust Affidavit, dated July 21, 1969, listing its present officers and directors, with the Secretary of State of Missouri, as required of foreign corporations; that a certificate dated April 8, 1971 from the Secretary of State of Missouri shows that the appellant was in good standing as a foreign corporation with that office during the period from June 29, 1966 until April 5, 1971; that it filed its required annual report with the Interstate Commerce Commission on August 13, 1969 for the year ending December 31, 1968, stating it was a Kansas corporation in good standing; and, that when this suit was instituted in the Magistrate Court on January 10, 1970, the charter had been reinstated, the appellant was in good standing then and at all times since.

It has long been the logical and sound view that persons holding themselves out as a corporation or dealing as such with third persons are estopped to deny corporate existence. 18 C.J.S. Corporations § 110, pp. 509–510; Schneider v. Best Truck Lines, Inc., supra; Laird v. Pan-American Lumber Co., 237 S.W. 1047, 1050 [1] (Mo.App.1922); Cranson v. Int'l Business Mach., 234 Md. 477, 200 A.2d 33, 36 [3] (1964); Reynolds v. St. John's Grand Lodge A. F. & A. M., 171 La. 395, 131 So. 186, 187–188 [3, 6] (1930). The fact that during the period of forfeiture and such "holding out" the ownership of the capital stock changed hands would not affect the *corporate* liability for debts of the corporation due to persons (or corporations such as respondent) dealing with it in good faith. It is no defense to the claims here involved, as respondent asserts, that the purchasers of such stock may have been misled or defrauded by the seller, Isham. Such facts (if they be facts) are completely extraneous to the principles here involved and cannot affect the rights of the respondent.

*Accordingly, the court below under the facts in this record was abundantly justified in entering the judgment against the* appellant, Best Truck Lines, Inc., under both the estoppel theory as applied in the *Schneider* case and the other authorities herein cited and the validation theory as applied in *Riley*. No error of law appears and the judgment was not clearly erroneous. Rule 73.01(d), V.A.M.R.

*The judgment is affirmed.*

All concur.