Dear Mr. Secretary:
This opinion is in response to your questions:
 1. May any occupation other than those specifically delineated in 356.020(2) form a professional corporation pursuant to 356.040?
 2. If the answer to question one is yes, which occupations not set forth in 356.020(2) may form corporations pursuant to Chapter 356?
A "professional corporation" is a corporation organized under The Professional Corporation Law of Missouri, Chapter 356, RSMo 1978. See Section 356.020(1).
Section 356.040 provides in pertinent part:
 1. One or more natural persons, each of whom is licensed to render the same type of professional service within this state, may incorporate a professional corporation to practice that same type of professional service by filing articles of incorporation with the secretary of state. The articles of incorporation shall set forth as its purpose the type of professional service to be practiced through the professional corporation . . . .
Section 356.050 states that "[a] professional corporation may be organized only for the purpose of rendering one type of professional service and service ancillary thereto and shall not engage in any other business . . . ."
Section 356.140 states:
 A professional corporation may render professional service only through its officers, employees and agents who are duly licensed to render that professional service. A professional corporation may employ unlicensed persons but these persons shall render only those services which are considered by custom and practice to be ancillary or incidental to the professional services for which the corporation was organized.
The phrase "professional services" as used in Chapter 356 is defined in Section 356.020 as follows:
 (2) "Professional services", the type of personal service rendered by a person duly licensed by this state as a member of any of the following professions, each paragraph constituting one type:
(a) An accountant;
(b) An architect or engineer;
(c) An attorney at law;
(d) A chiropodist-podiatrist;
(e) A chiropractor;
(f) A dentist;
(g) An optometrist;
 (h) A physician, surgeon, doctor of medicine, or doctor of osteopathy;
(i) A veterinarian[.]
The powers and very existence of corporations are derived from the state. Pacific Intermountain Express Co. v. Best TruckLines, Inc., 518 S.W.2d 469, 472 (Mo.App. 1974). "[T]he Legislature of this state has plenary power to create corporations and prescribe the business in which they may engage." SylvesterWatts Symth Realty Co. v. American Surety Co., 238 S.W. 494, 497
(Mo. 1922). See also Molasky Enterprises, Inc. v. Carps, Inc.,615 S.W.2d 83, 86 (Mo.App. 1981).
Nowhere in Section 356.020, or elsewhere in Chapter 356, is there any authorization, expressed or implied, for persons engaged in other professions or occupations to form professional corporations. Under the rule of statutory construction that "the express mention of one thing implies the exclusion of another," Harrison v.MFA Mutual Co., 607 S.W.2d 137, 146 (Mo. banc 1980), it is fair to conclude, as we do, that the General Assembly's specific delineation of the "professional services" that may be rendered by professional corporations evinces a legislative intent that persons engaged in other professions or occupations may not form professional corporations under Chapter 356.
In light of our conclusion above, we do not reach your second question.
CONCLUSION
It is the opinion of this office that persons engaged in professions or occupations other than those delineated in Section 356.020(2) may not form professional corporations under Chapter 356.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Charles R. Miller.
Yours very truly,
 JOHN ASHCROFT Attorney General